## Commonwealth *vs*. Dwayne Gagnon.

Worcester. May 5, 2003. - July 30, 2003.

Present: Marshall, C.J., Greaney, Ireland, Spina, Cowin, Sosman, & Cordy, JJ.

*Sex Offender. Practice, Civil,* Sex offender. *Statute,* Construction.

A Superior Court judge did not abuse his discretion in denying the Commonwealth's motion to stay, pending appeal, a judgment dismissing a G. L. c. 123A petition to commit the defendant as a sexually dangerous person, where the judge, who inquired into the terms of the defendant's release and his probation status, as well as the likelihood of the Commonwealth's success on appeal, weighed various factors in his decision. [829-830]

In a proceeding on a petition filed by the Commonwealth under G. L. c. 123A for the civil commitment of the defendant as a sexually dangerous person, in which the Commonwealth filed the qualified examiners' report eight days after the statutorily specified deadline, the judge erred in dismissing the petition, because the Commonwealth's failure to meet the report filing deadline did not affect the defendant's liberty interest, and because the Commonwealth met all other deadlines. [830-831]

This court concluded that, in a proceeding on a petition filed by the Commonwealth under G. L. c. 123A for the civil commitment of the defendant as a sexually dangerous person, it was appropriate to allow the defendant an opportunity to be reexamined by the qualified examiners, if requested, in unique circumstances where he believed, without the benefit of this court's holding, that his participation in the examiners' interviews was not timely sought, and thus dismissal of the Commonwealth's petition was required, and where the defendant's lack of participation may have affected one examiner's recommendation. [831-832]

This court concluded that neither § 12 (*a*) nor § 12 (*b*) of G. L. c. 123A required that the Commonwealth file a petition for commitment of the defendant as a sexually dangerous person six months prior to the defendant's release or provide the defendant with six months' notice of its intention to file such a petition prior to such release. [832-833]

Civil action commenced in the Superior Court Department on June 6, 2002.

A motion to dismiss was heard by *John S. McCann*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Ellyn H. Lazar-Moore*, Assistant District Attorney, for the Commonwealth.

*Christopher P. LoConto* for the defendant.

IRELAND, J. This case raises the question whether the alleged failure to meet various deadlines specified in the sexually dangerous persons commitment statute requires dismissal of the commitment petition in every case. The issue arose when the Commonwealth filed a petition to commit the defendant to the Massachusetts Treatment Center (treatment center) as a sexually dangerous person pursuant to G. L. c. 123A, § 12 (*b*), one and one-half months prior to the defendant's release. The Commonwealth filed the qualified examiners' report eight days[1] after the deadline specified in G. L. c. 123A, § 13 (*a*). A judge in the Superior Court concluded that missing the report filing deadline and initiating the petition process so close to the defendant's discharge date required dismissal under *Commonwealth* v. *Kennedy*, 435 Mass. 527, 530 (2001). The judge also denied the Commonwealth's motion to stay execution of his judgment pending appeal. The Commonwealth appealed, and we transferred the case to this court on our own motion. Because we conclude that the Commonwealth's failure to meet the report filing deadline did not affect the defendant's liberty interest, and because the Commonwealth met all other deadlines, we vacate the order of dismissal.

I. *Background.*

In 1998, the defendant pleaded guilty to multiple indictments charging rape of a child, indecent assault and battery on a child, contributing to the delinquency of a minor, and dissemination of pornographic material. He was sentenced to concurrent terms of from three to five years in a State prison, with a release date of July 23, 2002. On June 6, 2002, the Commonwealth filed a petition under G. L. c. 123A, § 12 (*b*), for the defendant's civil commitment as a sexually dangerous person. After an eviden-

---

[1]The report was technically twelve days late. The defendant concedes, however, that three of the twelve days were lost due to his request to delay the examinations until a judge had ruled on his motion to stay the proceedings. He also concedes that one additional day was lost because an additional three days would have made the new due date a Sunday. We thus consider the delay to be eight days.

tiary hearing, a Superior Court judge found probable cause to believe the defendant was a sexually dangerous person pursuant to G. L. c. 123A, § 13 (*a*), and to have him "committed to the treatment center for a period not exceeding 60 days for the purpose of examination and diagnosis under the supervision of two qualified examiners." The sixty-day period was to expire on February 6, 2003. Pursuant to the statute, the judge required the report on the defendant to be filed "15 days prior to the expiration of said period."

At the defendant's request, the district attorney's office instructed the treatment center to postpone temporarily the examinations in anticipation of the defendant's filing a motion to stay the proceedings. Three days later, the judge denied the defendant's motion, but the district attorney did not inform the treatment center that it should proceed with the examinations. Thus on January 22, 2003, one day before the report was due, the Commonwealth discovered that the qualified examiners had not yet started the examinations. At the Commonwealth's request, the qualified examiners began the examinations and filed the requisite report on February 4, 2003, eight days after the report filing deadline. Also on February 4, the Commonwealth timely filed its petition for trial.[2]

The defendant filed a motion to dismiss the petition based on the late filing of the qualified examiners' report. Another judge, relying on *Commonwealth* v. *Kennedy, supra,* granted the motion to dismiss.[3] He also denied the Commonwealth's oral motion to stay execution of his judgment pending appeal.

---

[2]General Laws c. 123A, § 14 (*a*), requires the Commonwealth to file a trial petition within fourteen days after the filing of the report. Given that the report deadline is itself forty-five days after commitment, the trial filing deadline is designed to fall within the sixty-day detention period. The Commonwealth's filing for trial in this case was both within fourteen days of the report filing and within the sixty-day period.

[3]In his findings and order, the motion judge stated: the Commonwealth's eight-day delay resulted in "a period of detention in excess of the maximum allowed by the statute"; the district attorney's office "did not give six months['] notice prior to the inmate's anticipated discharge date [and the Supreme Judicial Court] did caution the relevant agencies to fulfill this statutory duty"; and "[t]he Commonwealth did not comply with [the G. L. c. 123A] standards."

II. *Discussion.*

This case raises several questions of interpretation concerning G. L. c. 123A petitions: (1) whether a judge may grant a stay of execution pending appeal from a judgment dismissing a petition; (2) whether a late filing of the qualified examiners' report requires dismissal of a petition; and (3) whether § 12 (*a*) or § 12 (*b*) requires filing a petition or notifying a defendant six months prior to the release.

1. *Commonwealth* v. *Kennedy, supra,* did not eliminate the discretion provided to judges by the Legislature to detain a person pending appeal from a dismissal of a G. L. c. 123A petition. General Laws c. 123A, § 14 (*e*), provides that at any time prior to final judgment, the judge may "commit [persons eligible to be released from detention] to the treatment center pending disposition of the petition." When the Commonwealth files a timely appeal from the allowance of a motion to dismiss, a judge may enter a stay that results in further detention.

Here, the judge made no written findings of facts concerning the denial of stay. However, the record demonstrates that he weighed various factors in his decision. For example, the transcript reveals that the judge inquired into the terms of release and the defendant's probation status before making his decision.[4] See *Commonwealth* v. *Levin,* 7 Mass. App. Ct. 501, 505 (1979) (in stay of execution, judge should consider issues of "possibility of flight . . . further acts of criminality during the pendency of the appeal . . . [and] likelihood of success on the merits of the appeal"). Additionally, although there is conflicting evidence in the record, there is some indication that the judge weighed the likelihood of the Commonwealth's success on appeal.[5] See *Commonwealth* v. *Nassar,* 380 Mass. 908, 909 (1980) (judge issued stay of judgment for release, which resulted in continued

---

[4]The judge inquired, "[W]ere there any [sentences] that imposed a period of probation?"; "What are the terms of his probation?"; "Are there any other terms, other than the normal terms?"; "[Is the probation officer] in touch with the probation department in Rhode Island at all?"; and stated, "I seem to recall reading . . . that he's on probation in Rhode Island for a period of five years."

[5]The judge acknowledged that minor violations of G. L. c. 123A were an "open issue" with this court, but also stated "I think that the Supreme [Judicial] Court has made it abundantly clear that I have no leeway."

detention, in order to report question to appellate court regarding statutory interpretation). We thus conclude that the judge did not abuse his discretion in denying the Commonwealth's motion to stay the judgment pending appeal.

2. In reviewing the motion to dismiss, we examine whether "the trial judge committed legal error or abused his discretion." J.R. Nolan & C.A. Caldeira, Appellate Procedure § 1:4 (2d ed. 2002). The defendant posits that the eight-day delay in filing the qualified examiners' report interfered with his liberty interest. He argues that because "confinement without legal justification is never innocuous," *Commonwealth* v. *Kennedy, supra* at 530, failure to comply "with such statutory deadlines require[d] dismissal" and the judge properly exercised his discretion by dismissing the Commonwealth's petition. We disagree.

General Laws c. 123A, § 13 (*a*), states that "the qualified examiners . . . *shall*, no later than 15 days prior to the expiration of [the sixty-day] period, file with the court a written report of the examination and diagnosis" (emphasis added). "Where the statutory language is clear, courts apply the plain and ordinary meaning of that language." *Commonwealth* v. *Kennedy, supra* at 530. "The word 'shall,' in this context, where substantive rights are involved, indicates that the action is mandatory." *Id.* Thus it is clear that the Commonwealth violated a provision of § 13 (*a*).[6]

The defendant in this case, however, did not suffer an infringement to his liberty interest due to the filing violation because the Commonwealth submitted the report and filed its petition for trial within the sixty-day period specified in § 13 (*a*). Thus, although the report was late, the delay did not result in the Commonwealth's filing its trial petition late or the defendant's being detained beyond sixty days. This is in stark contrast to *Commonwealth* v. *Kennedy, supra* at 530, where the Commonwealth's conduct "result[ed] in a period of detention for examination vastly in excess of the maximum allowed by

[6]We reject as unpersuasive the Commonwealth's claim that the defendant was responsible for this delay by asking the Commonwealth to wait for a few days before starting the examinations. It is the Commonwealth's responsibility to ensure that the treatment center performs the examinations in a timely manner. See *Commonwealth* v. *Kennedy*, 435 Mass. 527, 529-530 (2001).

the statute." There, the defendant's total detention time lasted more than one year beyond the sixty-day period authorized by § 13 (*a*). *Id.* at 528. Here, contrary to the judge's findings, the total detention time of the defendant was not one day "in excess of the maximum allowed by the statute." In addition, the defendant has not suggested that the Commonwealth's delay in filing the report hampered his counsel's ability to prepare for a potential trial, or that the delay prevented the Commonwealth from having enough time properly to evaluate the qualified examiners' report and make an appropriate decision as to whether to file a petition for trial.

The defendant urges us to construe § 13 (*a*) as establishing a forty-five day deadline for the filing of the qualified examiners' report that then leads to a fourteen-day deadline for filing for trial only if the first deadline is met. He suggests that because he was detained beyond the forty-five day period without a qualified examiners' report being filed, he was deprived of his liberty interest and "there was no authority to hold [him] any longer." We reject this construction of the statute. The plain language of G. L. c. 123A, § 13 (*a*), reveals that there is an over-all sixty-day period established for commitment: "If the court is satisfied that probable cause exists . . . the prisoner or youth shall be committed to the treatment center *for a period not exceeding 60 days for the purpose of examination and diagnosis* . . ." (emphasis added). In terms of a defendant's liberty interest, the relevant period is the sixty-day time period. The forty-five day deadline for the qualified examiners' report appears intended to give the Commonwealth a full two weeks in which to file its petition for trial. Where, as here, the report is slightly late, the party adversely affected is the Commonwealth, as it must expedite its decision to seek trial and submit its petition in order to meet that requirement prior to the expiration of the sixty-day detention.

The defendant argues that he chose not to participate in the qualified examiners' interviews because the forty-five day deadline had passed, and so he believed that the petition had to be dismissed. He points out that, if the interviews had been timely sought, he would have cooperated, and his cooperation might have led to a different conclusion by the examiners, i.e.,

one that might have convinced the Commonwealth not to file a petition for trial. In these unique circumstances, namely that the defendant did not have the benefit of our holding today, combined with the suggestion of one of the qualified examiners that the defendant's lack of participation may have affected that examiner's recommendation, we conclude that it is appropriate to allow the defendant the opportunity to be reexamined by the qualified examiners, if requested.

3. The defendant contends that it was proper to dismiss the petition because the Commonwealth did not begin the petition process "until well within the six-month window." He posits that this court has "caution[ed] the relevant agencies to fulfil this statutory duty," *Commonwealth* v. *Kennedy, supra* at 531, and suggests that we "did not rule out deciding the case based solely on this issue." The defendant has misconstrued the *Kennedy* case.

There is no statutory requirement that the Commonwealth file the petition six months prior to the defendant's release. In *Commonwealth* v. *Kennedy, supra,* the "statutory duty" referred to is the requirement under G. L. c. 123A, § 12 (*a*), that the relevant *agency* (in this case, the Department of Correction) "shall notify in writing the district attorney of the county where the offense occurred and the attorney general six months prior to the release of such person."[7] Section 12 (*b*) in turn states only that the district attorney *may* file a petition that the prisoner is a sexually dangerous person. When "shall" and "may" are used within the same section of a statute, there is a presumption that the Legislature realized the difference and was aware of their meanings. 3 N.J. Singer, Sutherland Statutory Construction § 57:11, at 40 (6th ed. rev. 2001).[8]

Additionally, contrary to the suggestion in the judge's find-

---

[7]Unlike in *Commonwealth* v. *Kennedy, supra* at 531, there is no evidence here that the Department of Correction failed to notify the Commonwealth within six months of the defendant's release, and thus we do not address the consequences of such a violation.

[8]We note, however, that it is possible for the G. L. c. 123A proceedings to be completed within the six-month window that begins when the agency notifies the Commonwealth. In *Commonwealth* v. *Bruno,* 432 Mass. 489, 508 (2000), the Commonwealth stated that "in future cases it should receive six months' notice of an inmate's release date and therefore could obtain the necessary evidence and even complete the final commitment hearing before

ings and order, there is no requirement that the Commonwealth provide the defendant with six months' notice of its intention to file a petition "prior to the inmate's anticipated discharge date." Section 12 (*b*), unlike § 12 (*a*), does not require prior notification to any parties. "[W]here the legislature has carefully employed a term in one place and excluded it in another, it should not be implied where excluded." 2A N.J. Singer, Sutherland Statutory Construction § 46.06, at 194 (6th ed. rev. 2000).

III. *Conclusion.*

For the reasons stated, the order allowing the defendant's motion to dismiss is vacated and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

that date." We thus again remind the relevant agencies, as we did in *Commonwealth* v. *Kennedy, supra* at 531, to provide six months' notice as required by G. L. c. 123A, § 12 (*a*), and urge the Commonwealth to act reasonably promptly on receiving such notice.