ROBERT DOE[1] *vs.* SUPERINTENDENT OF SCHOOLS OF WESTON.

Middlesex. October 3, 2011. - December 21, 2011.

Present: IRELAND, C.J., SPINA, CORDY, BOTSFORD, GANTS, DUFFLY, & LENK, JJ.

*Practice, Civil,* Preliminary injunction. *Injunction. School and School Committee,* Enforcement of discipline. *Education,* Disciplinary matter.

In a civil action brought in the Superior Court arising from the suspension and expulsion of the plaintiff high school student, the judge abused his discretion in granting the plaintiff's motion for a preliminary injunction that, inter alia, caused the plaintiff to be reinstated as a student, where the judge did not consider the proper legal standards or evaluate the factual circumstances relevant to the plaintiff's alleged misconduct at school. [164-165]

CIVIL ACTION commenced in the Superior Court Department on June 8, 2010.

An application for a preliminary injunction was heard by *Dennis J. Curran,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Leonard H. Kesten* (*Diedre Brennan Regan* with him) for the defendant.

*Dana Alan Curhan* (*Richard J. Hayes* with him) for the plaintiff.

*Lisa A. Morrow, Marlies Spanjaard, Isabel S. Raskin, & Thomas A. Mela,* for Children's Law Center of Massachusetts & others, amici curiae, submitted a brief.

*Joanne S. Karger & Kathleen B. Boundy,* for Center for Law and Education, Inc., & another, amici curiae, submitted a brief.

SPINA, J. The plaintiff, Robert Doe, has challenged, by way of a complaint filed in the Superior Court and a related motion for a preliminary injunction, his expulsion from Weston High School

_____

[1] A minor, by his father and next friend.

for allegedly possessing and distributing a "marijuana cookie" on school property. For the reasons that follow, we vacate the order of the Superior Court regarding Doe's motion for a preliminary injunction and remand for further proceedings in accordance with this opinion.[2]

1. *Background.* The following facts are taken from the allegations set forth in Doe's complaint and from the exhibits attached thereto. At the time of the events described herein, Doe was a seventeen year old student in his junior year at Weston High School. He was a good student and had no disciplinary record. During the afternoon of March 31, 2010, Officer Kellie Mahoney of the Weston police department appeared at the front door of Doe's residence. Doe's father answered the door, and Mahoney asked to enter and speak with his son. When Doe's father inquired as to the reason, Officer Mahoney simply responded, "Drugs." Doe's father declined Mahoney's request to enter and speak with Doe, stating that he would have a conversation with his son. Officer Mahoney then informed Doe's father that he and his son should attend a meeting the following morning with the principal.

On April 1, 2010, Doe and his father met with the principal in his office. Also in attendance at the meeting were the assistant principal and Officer Mahoney. The principal informed Doe and his father that, the previous day, one student had admitted to selling a "marijuana cookie" to a second student, who had consumed it. The two students had alleged that Doe "was somehow involved" in this incident. The principal provided no additional information to Doe and his father, and he did not disclose the names of the two other students. Doe's father instructed his son not to answer any of the questions posed to him by the principal. At the conclusion of the meeting, the principal told Doe and his father that Doe was "suspended indefinitely."

By letter dated April 6, 2010, Doe's father informed the principal that he was appealing from the decision to suspend

<hr>

[2] We acknowledge the amicus brief filed by the Center for Law and Education, Inc., and the Charles Hamilton Houston Institute for Race and Justice in support of Doe. We further acknowledge the amicus brief filed by the Children's Law Center of Massachusetts, the EdLaw Project, the Juvenile Justice Center of Suffolk University Law School, and the Massachusetts Advocates for Children also in support of Doe.

Doe indefinitely, and he asked the principal to rescind the suspension immediately. Doe's father sent a copy of this letter to the superintendent of the Weston public schools (superintendent). In a letter to Doe's father dated April 7, 2010, the principal stated that G. L. c. 71, § 37H, prohibits the possession of a controlled substance, including marijuana, on school premises or at school-sponsored events. He informed Doe's father that Doe had been named specifically as the source of the marijuana at issue. The principal also clarified that Doe's suspension was not indefinite, but was for a term of ten school days. Due to the nature of the offense, the principal stated that Doe could be subject to expulsion, that a hearing date should be arranged before April 15, that Doe was entitled to have an attorney present at the hearing, and that Doe would be expected to respond to the allegations against him.

Over the course of the next week, Doe's father and the principal exchanged several letters regarding the correct computation of the ten-day suspension and the scheduling of the expulsion hearing. Efforts to schedule the hearing on a mutually agreeable date were wholly unsuccessful. In a letter dated April 14, 2010, the principal informed Doe's father that neither he nor his son had addressed the serious charge that Doe had possessed and distributed a marijuana cookie at Weston High School. The principal wrote that he had "direct evidence" that Doe was the source of the cookie and had received money from its sale. He stated that, in the circumstances, he had no choice but to expel Doe immediately. The principal informed Doe's father that he had a right to appeal from this decision to the superintendent.

Doe's father exercised his right to appeal from the expulsion decision, and a hearing was held on May 4, 2010, at which the superintendent, Doe, his father, and Doe's attorney were present. On the advice of counsel, Doe did not answer any questions regarding his role in the marijuana cookie incident. The superintendent presented no witnesses or other evidence in support of the principal's decision. After Doe's attorney requested time for further consultation with his client, the hearing was adjourned until May 7, when a subsequent brief meeting was held, although there were no changes in the parties' positions. By letter dated May 12, 2010, the superintendent informed Doe's father that in

light of Doe's failure to speak about the marijuana cookie incident, she could only conclude that Doe had done what was alleged. The superintendent upheld the principal's decision to expel Doe from Weston High School "for possessing, distributing and selling a controlled substance on school grounds during the school day."

On June 8, 2010, Doe filed in the Superior Court a fourteen-count complaint against the superintendent, alleging, among other things, violations of his procedural and substantive due process rights under the Massachusetts Declaration of Rights, arising from his suspension and expulsion. Doe then filed a motion for a preliminary injunction on August 16, 2010. He sought to be reinstated immediately as a student at Weston High School, to have the disciplinary actions expunged from his school records, and to receive remedial educational assistance in order to begin twelfth grade at the same academic level as when he was expelled. A judge held a hearing on Doe's motion for a preliminary injunction on August 26, 2010.

During the course of the hearing, after counsel for each party had presented his arguments, the judge asked Doe when he last had used marijuana. Doe responded that he was sure that it had been four to five months earlier. The judge then directed Doe to take a urine test, which came back positive for marijuana. In response to further questioning from the judge, Doe admitted that he had used marijuana approximately one week before the hearing. Notwithstanding this fact, the judge stated that he wanted to give Doe "another chance," subject to certain conditions. The judge proposed that Doe be allowed to return to school provided that he submit to random urine tests three times a week at the expense of his family, that he report to his guidance counsellor three times a week, that he keep up to date on his homework, and that he participate in school events, such as clubs and sports.[3] The judge stated that these conditions should remain in effect for the next six months, and that if any of Doe's urine tests came back positive, then he would be "out of the school." Counsel for the superintendent stated that he would

---

[3] The judge also "sentenced" Doe's family to dine together three times a week.

speak with the superintendent about the judge's proposal when she returned from several days out of town.

Over the next two weeks, the superintendent, the principal, and other school personnel developed a plan for Doe's return to Weston High School, based on the conditions identified by the judge. On September 8, 2010, the superintendent's counsel sent Doe's counsel, by electronic mail, a proposed order for consideration. Later that same day, Doe's counsel sent the superintendent's counsel a significantly different proposed order, which the superintendent deemed unacceptable for a variety of reasons. The parties agreed that they would seek a hearing on the matter. However, the judge instead instructed Doe's counsel to submit both of the proposed orders to the court, which he did.

On September 9, 2010, the judge signed the order that had been submitted by Doe's counsel regarding his motion for a preliminary injunction. It stated that Doe "shall be reinstated as a student at Weston High School" consistent with the "agreement of the parties" as embodied in the court's order. Among other things, Doe was directed to "submit to as many random urine tests as shall be recommended and ordered by the Probation Department of the Middlesex Superior Court at his own expense"; meet with a "health and wellness" counsellor to review and discuss any drug tests that yielded a positive result for marijuana; reenter Weston High School as a junior and meet once per month with his guidance counsellor to review his academic progress; and participate in a sports program. The order stated that after the successful completion of a six-month period, Doe's suspension and expulsion would be expunged from his school records. The matter would "remain under advisement of the court for [those] six months," and if the order was not violated during that period, the parties would file a joint stipulation of dismissal with prejudice. Finally, the order stated that if the judge determined that Doe had violated the order, then he would deny Doe's motion for a preliminary injunction.

The superintendent immediately filed an emergency motion for reconsideration and request for hearing, strenuously objecting to the terms of the judge's order. No action was taken on the motion.[4] On October 12, 2010, the superintendent filed a

_____

[4]On October 7, 2010, the superintendent filed a motion for summary judg-

notice of appeal from the September 9, 2010, order of the Superior Court pursuant to G. L. c. 231, § 118, second par. A single justice of the Appeals Court stayed appellate proceedings pending a determination of the motion for reconsideration. By order dated December 9, 2010, the Superior Court judge took the motion for reconsideration under advisement and denied the superintendent's request for a hearing. The single justice of the Appeals Court lifted the stay of appellate proceedings, and we transferred the case to this court on our own motion.

2. *Discussion.* As a preliminary matter, we treat the order entered by the Superior Court judge as one allowing Doe's motion for a preliminary injunction. The clarity and definitiveness of the order have been clouded by language stating that if the judge determined that Doe had violated the order, then he would "enter an appropriate order denying [Doe's] motion for [a] preliminary injunction." Nonetheless, for purposes of our analysis, we proceed, as did the parties, on the understanding that the preliminary injunction was allowed.

A party seeking a preliminary injunction must show that success is likely on the merits; irreparable harm will result from denial of the injunction; and the risk of irreparable harm to the moving party outweighs any similar risk of harm to the opposing party. See *Packaging Indus. Group, Inc.* v. *Cheney,* 380 Mass. 609, 616-617 (1980). A preliminary injunction ordinarily is issued to preserve the status quo pending the outcome of litigation.[5] See *id.* at 616; *Petricca Constr. Co.* v. *Commonwealth,* 37 Mass. App. Ct. 392, 399 (1994). "We review the grant or denial of a preliminary injunction to determine whether the [motion] judge abused his discretion, that is, whether the judge applied proper legal standards and whether there was reasonable support for his evaluation of factual questions." *Commonwealth* v. *Fremont Inv. & Loan,* 452 Mass. 733, 741 (2008). See *Fordyce* v. *Hanover,* 457 Mass. 248, 256 (2010); *Packaging Indus. Group, Inc.* v. *Cheney, supra* at 615.

---

ment pursuant to Mass. R. Civ. P. 56 (b), 365 Mass. 824 (1974), and Doe filed a motion for judgment on the pleadings pursuant to Mass. R. Civ. P. 12, 365 Mass. 754 (1974). No action has been taken on these motions.

[5]Pursuant to Mass. R. Civ. P. 65 (b) (2), 365 Mass. 832 (1974), a hearing on an application for a preliminary injunction may be consolidated with a trial on the merits. That did not occur here.

Here, the record does not suggest that the judge either considered the proper legal standards for the allowance of a motion for a preliminary injunction or evaluated the factual circumstances relevant to Doe's alleged misconduct. Most significantly, it appears from the transcript of the hearing that any analysis of the likelihood of Doe's success on the merits, particularly with regard to his constitutional challenges, was wholly absent.[6] Instead of evaluating the propriety of the superintendent's decision, the judge chose to fashion his own remedy to address Doe's alleged misconduct. As such, we must conclude that the judge's order constituted an abuse of discretion.

3. *Conclusion.* The order regarding Doe's motion for a preliminary injunction is vacated in its entirety. This matter is remanded to the Superior Court for a new hearing on Doe's motion for a preliminary injunction, which shall be held before a different judge within thirty days of the issuance of the rescript in this case. We anticipate that the superintendent will take no intervening action against Doe. At the hearing on Doe's motion for a preliminary injunction, the judge also may consider the merits of his complaint. See note 5, *supra.* We point out that a motion for summary judgment, filed by the superintendent, and a motion for judgment on the pleadings, filed by Doe, remain pending in the Superior Court. See note 4, *supra.*

*So ordered.*

---

[6]Before ruling on Doe's motion for a preliminary injunction, the judge shared several "observations" from the bench, including the following: "Other parents — maybe not these parents, but other parents don't want their kids to be associated with other kids who are bringing drugs into the school. And I — I think that happened. I have very little doubt that that happened." Notwithstanding the apparent allowance of Doe's motion for a preliminary injunction, this "observation" appeared to cast some doubt on the likelihood of Doe's success on the merits, at least with regard to the underlying facts of the alleged misconduct.