Moriarty, Cornelius J., J.
In this action, the plaintiff, Harland Smith (Smith), seeks a preliminary injunction to enjoin the defendant, HSBC Bank (HSBC), from foreclosing on his real property. Due to issues arising out of the assignment of the mortgage from the defendant, First NLC Financial Services, LLC (First NLC), to HSBC, the injunction is granted.
*590 To be entitled to a preliminary injunction, “the moving party must show that, without the requested relief, it may suffer a loss of rights that cannot be vindicated should it prevail after a full hearing on the merits.” Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 616 (1980). Specifically, the party-must show that: (1) “success is likely on the merits,” (2) “irreparable harm will result from denial of the injunction,” and (3) “the risk of irreparable harm to the moving party outweighs any similar risk of harm to the opposing party.” Doe v. Superintendent of Schools of Weston, 461 Mass. 159, 164 (2011), citing Packaging Indus., 380 Mass. at 616-17 (1980).
Here, a denial of the injunction would certainly cause irreparable harm to Smith, because he would lose his real property. This extraordinary harm to Smith outweighs any risk to HSBC. The primary issue here is whether Smith has a substantial likelihood of success on the merits of his claims, and, after review, this Court determines that he does.
Pursuant to U.S. Bank National Association v. Ibanez, 458 Mass. 637 (2011), a foreclosing mortgagee must legally possess the mortgage on the property (i.e. the mortgage must be validly assigned to the foreclosing mortgagee) before the notice of sale or the actual sale of the property. Id. at 648. A written mortgage is not valid until it is signed by the grantor, and this cannot be altered by backdating the assignment. Id. at 649, 654 (citations omitted). Here, the assignment of mortgage from First NLC to HSBC appears to be signed and notarized on August 5, 2009, with this date appearing in two locations on the document, but there is a handwritten portion that states “Effective: June 28, 2007" and a typed portion in the first sentence that states the assignment was "made and entered into" on June 28, 2007. If the assignment is deemed to have been effectuated in 2009, then it would have occurred after First NLC initiated bankruptcy proceedings in 2008, as alleged by the plaintiff. It is unclear, and the parties have not addressed, whether the assignment was made in accordance with bankruptcy law. See New Century Mortgage Corporation v. Braxton, 2010 WL 59277 (Mass.Land.Ct. Jan 11, 2010) (requiring foreclosing mortgagee to show that a post-bankruptcy assignment was validly made). Therefore, Smith has a substantial likelihood of success on the merits and the injunction is ordered.
ORDER
For the foregoing reasons, it is ORDERED that the plaintiff Smith’s Application for a Preliminary Injunction is ALLOWED, conditioned upon Smith posting a ten-thousand dollar ($10,000) bond. If said bond is not posted within twenty-one (21) days of this ORDER, the injunction is dissolved.