The defendant, Department of State Police (department), appeals an order of a Superior Court judge granting the plaintiff, Boston Globe Media Partners, LLC (Boston Globe), a preliminary injunction ordering the department to disclose the dates of birth of all State troopers under the public records law, G. L. c. 66, § 10.[2] Concluding that the department should be given the opportunity to present evidence to meet the legal framework set forth by the Supreme Judicial Court after the order here issued, and cognizant that affirming the preliminary injunction would moot the case, we reverse and remand for further proceedings.
1. Background. In November, 2013, a Boston Globe reporter submitted a request to the department under the public records law, G. L. c. 66, § 10. Among other records, the reporter requested a "current list of state police, including their name and date of birth." The reporter sought this information so that he would be able to obtain registry of motor vehicles records for an investigative report on motor vehicle accidents and driving infractions involving State police officers.
The department responded by providing the reporter with a list of its employees, but refused to produce any dates of birth. After some back and forth, the supervisor of public records ultimately ruled that the dates of birth were not protected as personal information pursuant to G. L. c. 4, § 7, Twenty-sixth (c ) (exemption [c ] ),[3] but were properly withheld under the public safety exemption, G. L. c. 4, § 7, Twenty-sixth (n ) (exemption [n ] ).[4]
The Boston Globe then commenced this action and moved for a preliminary injunction ordering the department to disclose the dates of birth of all State troopers. After a hearing held in January, 2016,[5] a Superior Court judge granted the motion and ordered the requested disclosure.[6] The judge was not provided with evidence beyond the reporter's sworn declaration verifying the factual allegations in the Boston Globe's complaint. The parties agreed to delay compliance with the injunction while this appeal is pending.[7]
2. Discussion. On appeal, "[w]e review the grant or denial of a preliminary injunction for abuse of discretion." Eaton v. Federal Natl. Mort. Assn., 462 Mass. 569, 574 (2012). In doing so, we determine "whether the judge applied proper legal standards and whether there was reasonable support for his evaluation of factual questions." Doe v. Superintendent of Schs. of Weston, 461 Mass. 159, 164 (2011), quoting from Commonwealth v. Fremont Inv. & Loan, 452 Mass. 733, 741 (2008). "On review, the motion judge's 'conclusions of law are subject to broad review and will be reversed if incorrect.' " Fordyce v. Hanover, 457 Mass. 248, 256 (2010), quoting from Packaging Indus. Group, Inc. v. Cheney, 380 Mass. 609, 616 (1980).
When the judge ruled on the Boston Globe's motion for a preliminary injunction, no appellate case had construed the contours of exemption (n ). While this appeal was pending, however, the Supreme Judicial Court provided substantial guidance in People for the Ethical Treatment of Animals, Inc. v. Department of Agric. Resources, 477 Mass. 280 (2017) (PETA ). A judge applying exemption (n ) must first "probe[ ] whether, and to what degree, the record sought resembles the records listed as examples in the statute" to determine "whether, and to what degree, the record is one a terrorist would find useful to maximize damage." Id. at 289 (quotation omitted). Then, the judge must determine "whether the custodian has provided sufficient factual heft ... to conclude that a reasonable person would agree with the custodian's determination given the context of the particular case." Id. at 290. "[T]he more the record sought resembles the records enumerated in exemption (n ), the lower the custodian's burden in demonstrating 'reasonable judgment'-and vice versa." Ibid.[8]
In addition to providing this guidance, the Supreme Judicial Court negated or cast doubt on an assumption each party held in the instant case. The department, relying on the Superior Court judge's decision later reviewed in PETA, had assumed that it was entitled to heightened deference under exemption (n ). The Supreme Judicial Court, by contrast, determined that the statutory language "neither requires or even invites any heightened level of deference to the records custodian's initial determination whether to disclose or withhold a record." Id. at 291. The Boston Globe and the judge assumed that an inquiry into the identity and purpose of the requester was a relevant consideration. The Supreme Judicial Court cast considerable doubt on the validity of this theory, stating "that nothing we have discovered in our review of the legislative history indicated an intent to depart radically from the typical public records procedure, which would not permit such an inquiry." Id. at 290 n.12.
"We recognize that the Superior Court judge did not have the benefit of [the Supreme Judicial Court's] construction of exemption (n )." Id. at 291. As it is neither logically impossible nor intuitively obvious that the disclosure of dates of birth would jeopardize public safety, the Superior Court judge would benefit from factual showings beyond those presented at the preliminary injunction hearing. It is, therefore, appropriate to remand to allow each party to present its case under the newly-clarified law and to allow the judge to consider the case with the benefit of the Supreme Judicial Court's teachings. Ibid.[9]
Here, affirmance of the preliminary injunction would frustrate this result, as the disclosure of the dates of birth-preliminarily or not-would moot this case. Although "there is no per se prohibition against granting an applicant, through a preliminary injunction, all of the ultimate relief the applicant seeks," Petricca Constr. Co. v. Commonwealth, 37 Mass. App. Ct. 392, 400 (1994), in these circumstances it is prudent to reverse the allowance of the preliminary injunction to enable the parties to litigate the case, and the judge to decide the case, in light of the Supreme Judicial Court's guidance in PETA.
Order granting motion for preliminary injunction reversed.

Since the entry of the order appealed from here (February 17, 2016), G. L. c. 66, § 10, has been revised, the revisions taking effect on January 1, 2017. See St. 2016, c. 121.

Public records shall not include "personnel and medical files or information; also any other materials or data relating to a specifically named individual, the disclosure of which may constitute an unwarranted invasion of personal privacy." G. L. c. 4, § 7, Twenty-sixth (c ), as amended by St. 1977, c. 691, § 1.

Public records shall not include "records, including, but not limited to, blueprints, plans, policies, procedures and schematic drawings, which relate to internal layout and structural elements, security measures, emergency preparedness, threat or vulnerability assessments, or any other records relating to the security or safety of persons or buildings, structures, facilities, utilities, transportation, or other infrastructure located within the commonwealth, the disclosure of which, in the reasonable judgment of the record custodian, subject to review by the supervisor of public records under [G. L. c. 66, § 10 (b ) ], is likely to jeopardize public safety." G. L. c. 4, § 7, Twenty-sixth (n ), inserted by St. 2002, c. 313, § 1. Exemption (n ) was revised effective January 1, 2017, to include references to cyber security, see St. 2016, c. 121, §§ 1-3; we apply the prior version of exemption (n ) in this case.

The hearing was delayed by multiple motions for continuances, jointly filed or assented to by the Boston Globe, for the benefit of the department.

There is some ambiguity in the order, which the Boston Globe reads as requiring only the provision of the dates of birth of State troopers and the department reads as requiring the provision of the dates of birth of all department employees. On remand, precision on this point would be preferable.

We have jurisdiction pursuant to G. L. c. 231, § 118, second par. See Wilson v. Commissioner of Transitional Assistance, 441 Mass. 846, 849 (2004).

Similarly, the Supreme Judicial Court provided guidance on the application of exemption (c ) when the claim is that the release of information will jeopardize the safety of particular persons. PETA, 477 Mass. at 291-295. Like the Supreme Judicial Court, we cannot "eliminate wholly the possibility that, in very limited circumstances where the department can identify specific information demonstrating that a significant risk to an individual's personal safety is posed by the disclosure of [identifying information], that non-dispositive factor can add weight to whatever privacy interest exists on that side of the balancing test." Id. at 295. It is evident that the department would have a weighty burden in showing that such a significant risk to personal safety would be created by the disclosure of dates of birth.

Especially in light of the passage of time, the judge on remand may consider it advisable to "order the trial of the action on the merits to be advanced and consolidated with the hearing of the [preliminary injunction] application." Mass.R.Civ.P. 65(b)(2), 365 Mass. 832 (1974).