NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12827

JANE DOE[1]  vs.  WORCESTER PUBLIC SCHOOLS & others.[2]


Worcester.    January 7, 2020. - April 28, 2020.

Present:  Gants, C.J., Lenk, Gaziano, Lowy, Budd, Cypher,
& Kafker, JJ.


School and School Committee, Enforcement of discipline,
     Superintendent of schools.  Injunction.  Practice, Civil,
     Preliminary injunction.



     Civil action commenced in the Superior Court Department on
December 17, 2018.

     A motion for a preliminary injunction was heard by J. Gavin
Reardon, Jr., J.

     The Supreme Judicial Court on its own initiative
transferred the case from the Appeals Court.


     Paige L. Tobin (Elizabeth F. Toner also present) for the
defendants.
     Amy DiDonna for the plaintiff.
     The following submitted briefs for amici curiae:

_____

     [1] A minor, by her parent and next friend.  The name is a
pseudonym.

     [2] Worcester school committee; superintendent and school
safety director of Worcester public schools; and principal and
assistant principal of Doherty Memorial High School.

Michael J. Long & Steven J. Finnegan for Massachusetts Association of School Superintendents, Inc., & another.

Rhoda E. Schneider, Special Assistant Attorney General, & Iraida J. Álvarez for Department of Elementary and Secondary Education.

Peter A. Hahn for Committee for Public Counsel Services.

Sky Kochenour & Jenny C. Chou for Center for Law and Education, Inc., & another.

BUDD, J.  The plaintiff, Jane Doe, a student at a public high school in Worcester, was suspended for 152 school days after an assistant principal found a small amount of marijuana and two makeshift pipes in the plaintiff's locker.  When the plaintiff appealed from her suspension to the superintendent, the district's school safety director, acting as the superintendent's designee, shortened the suspension to 112 school days.  The plaintiff thereafter filed a complaint challenging the delegation of the superintendent's statutory authority to hear and decide the plaintiff's appeal.  The plaintiff also moved for a preliminary injunction seeking immediate reinstatement to school, which was granted.

The defendants seek a reversal of that decision, arguing that the motion judge erred in concluding that the plaintiff is likely to succeed on the merits of her claim because the relevant statute, G. L. c. 71, § 37H (d), permits the superintendent to delegate responsibility for hearing and

deciding suspension appeals.  We disagree, and therefore affirm the judge's order.[3]

Background and prior proceedings.  We summarize the facts as alleged in the motion for a preliminary injunction and attached affidavit.  See Doe v. Superintendent of Sch. of Weston, 461 Mass. 159, 160 (2011) (Weston).  The facts of the underlying offense are not contested.  In late September of 2018, an assistant principal received reports that the area near the plaintiff's locker smelled strongly of marijuana.  The assistant principal accompanied the plaintiff to her locker, at which time the plaintiff admitted that she was storing items she was not allowed to have in school.  Searching the locker, the assistant principal found and confiscated a small amount of marijuana in a plastic container and two pipes made from plastic water bottles.  After holding an initial hearing, the school's principal determined that the plaintiff had committed a disciplinary offense and suspended her for the remainder of the

---

[3] We acknowledge the amicus brief submitted by Center for Law and Education, Inc., and Massachusetts Advocates for Children; the amicus brief submitted by Massachusetts Association of School Superintendents, Inc., and Massachusetts Association of School Committees, Inc.; the amicus brief submitted by the Committee for Public Counsel Services; and the amicus letter submitted by the Department of Elementary and Secondary Education.

school year -- 152 school days -- pursuant to the school's disciplinary rules and G. L. c. 71, § 37H (a).[4]

The plaintiff exercised her right to appeal from what amounted to an expulsion[5] to the district's superintendent under G. L. c. 71, § 37H (d).  The school safety director for the district, acting as the superintendent's designee, held the appeal hearing and reduced the expulsion from 152 to 112 school days, which allowed for the plaintiff's return to school at the end of the third marking period of the school year.

Shortly after the appeal was decided, the plaintiff began attending the only alternative public school available to her.  Prior to her expulsion, the plaintiff was an honors student with no high school disciplinary record.  She had been enrolled in a merit-based program at her school with additional weekly classes providing vocational training in nursing, her intended field.  Although the plaintiff was able to earn credits at the alternative school to remain on track to advance to the next

---

[4] General Laws c. 71, § 37H (a), provides in pertinent part: "Any student who is found on school premises . . . in possession of . . . a controlled substance as defined in [G. L. c. 94C], including, but not limited to, marijuana, . . . may be subject to expulsion from the school or school district by the principal."

[5] As discussed infra, the suspension of the plaintiff constituted an expulsion for purposes of G. L. c. 71, § 37H, because it was for longer than ninety school days.  See 603 Code Mass. Regs. § 53.02 (2015).

grade, the plaintiff's mother averred in an affidavit submitted to the court that the level of instruction was below her grade and ability level.

In December 2018, the plaintiff commenced a civil action in the Superior Court against the Worcester public schools and others,[6] alleging among other things that by delegating the appeal hearing and decision to the school safety director, the defendants failed to comply with the procedure for appealing from the expulsion set forth in G. L. c. 71, § 37H (d). The plaintiff also filed an emergency motion for a preliminary injunction seeking immediate reinstatement to her high school. The judge granted the motion after a hearing, and the defendants appealed from the judge's order reinstating the plaintiff. We transferred the appeal to this court on our own motion.[7]

Discussion. "A party seeking a preliminary injunction must show that success is likely on the merits; irreparable harm will result from denial of the injunction; and the risk of

---

[6] The suit also named the Worcester school committee, the superintendent, the school safety director, the principal, and the assistant principal as defendants.

[7] The defendants represented at oral argument that the superintendent would not reinstate the plaintiff's suspension even if the preliminary injunction were overturned, rendering the matter moot as to this plaintiff. We nevertheless address the question because "the situation presented is 'capable of repetition, yet evading review.'" Boelter v. Selectmen of Wayland, 479 Mass. 233, 238 (2018), quoting Seney v. Morhy, 467 Mass. 58, 61 (2014).

irreparable harm to the moving party outweighs any similar risk of harm to the opposing party."  Weston, 461 Mass. at 164, citing Packaging Indus. Group, Inc. v. Cheney, 380 Mass. 609, 616-617 (1980) (Cheney).  In cases in which a public entity is a party, a judge may also weigh the risk of harm to the public interest in considering whether to grant a preliminary injunction.  Harris v. Commissioner of Correction, 409 Mass. 472, 474 (1991), citing Brookline v. Goldstein, 388 Mass. 443, 447 (1983).  In allowing the preliminary injunction, the judge adopted the plaintiff's reading of G. L. c. 71, § 37H (d), and concluded that the plaintiff was likely to succeed on the merits of her claim.  He further concluded that the plaintiff would suffer irreparable harm if not allowed to return to her high school, and that such harm outweighed any risk of harm to the defendants.[8]

"We review the grant or denial of a preliminary injunction to determine whether the [motion] judge abused his [or her] discretion, that is, whether the judge applied proper legal standards and whether there was reasonable support for his [or her] evaluation of factual questions."  Commonwealth v. Fremont

---

[8] In challenging the judge's decision, the defendants point out that courts "have always accorded school officials substantial deference in matters of discipline."  Doe v. Superintendent of Sch. of Stoughton, 437 Mass. 1, 5 (2002).  Although this is true, we note that the motion judge did not rule on the disciplinary action taken against the student.

Inv. & Loan, 452 Mass. 733, 741 (2008), citing Cheney, 380 Mass. at 615. As the question of the plaintiff's likelihood of success turns on the judge's interpretation of G. L. c. 71, § 37H (d), we review that portion of the judge's decision on a de novo basis. See Chin v. Merriot, 470 Mass. 527, 531 (2015). See also Garcia v. Department of Hous. & Community Dev., 480 Mass. 736, 747 (2018), quoting Fordyce v. Hanover, 457 Mass. 248, 256 (2010) (in review of preliminary injunction, judge's conclusions of law "are subject to broad review and will be reversed if incorrect").

1. Interpretation of G. L. c. 71, § 37H (d). "Our primary goal in interpreting a statute is to effectuate the intent of the Legislature" (citation omitted). Casseus v. Eastern Bus Co., 478 Mass. 786, 795 (2018). Ordinarily, "[c]lear and unambiguous language is conclusive as to legislative intent." Commonwealth v. LeBlanc, 475 Mass. 820, 821 (2016). General Laws c. 71, § 37H (d), provides in pertinent part:

> "Any student who has been expelled from a school district pursuant to these provisions shall have the right to appeal to the superintendent. The expelled student shall have ten days from the date of the expulsion in which to notify the superintendent of his appeal. The student has the right to counsel at a hearing before the superintendent."

The text of § 37H is clear: expelled students have a right to appeal to, and have a hearing before, the superintendent.

Nowhere in § 37H does the Legislature indicate that the superintendent may designate another to hear expulsion appeals.

The suspension of the plaintiff constituted an "expulsion" for purposes of G. L. c. 71, § 37H. Although § 37H does not define "expulsion," the Department of Elementary and Secondary Education (department) has promulgated a regulation defining "expulsion" as "the removal of a student from the school premises, regular classroom activities, and school activities for more than [ninety] school days, indefinitely, or permanently, as permitted under [G. L. c. 71, § 37H or 37H 1/2]." 603 Code Mass. Regs. § 53.02 (2015). Because the principal initially imposed a suspension of 152 school days, the plaintiff was entitled under § 37H to appeal from her expulsion directly to the superintendent, not a designee of the superintendent.

In contrast, a neighboring provision, G. L. c. 71, § 37H 3/4, which allows for suspensions of up to ninety days for less serious offenses, provides for an appeal before the "superintendent or a designee" (emphasis added). G. L. c. 71, § 37H 3/4 (a), (e), (f). It is a well-established rule of statutory construction that "where the [L]egislature has carefully employed a term in one place and excluded it in another, it should not be implied where excluded." Commonwealth v. Gagnon, 439 Mass. 826, 833 (2003), quoting 2A N.J. Singer,

Sutherland Statutory Construction § 46.06, at 194 (6th ed. rev. 2000).

Here the distinction makes sense. The statutory framework provides for appeals directly to the superintendent as a matter of right for indefinite or permanent expulsions as a result of certain serious offenses, including the possession of dangerous weapons or controlled substances on school premises, § 37H (a); assaulting school staff, § 37H (b); and felony charges or convictions, § 37H 1/2. However, for less serious offenses, and consequences, students are not guaranteed a hearing before the superintendent him- or herself. G. L. c. 71, § 37H 3/4 (e). It is logical and consonant with due process to afford students greater procedural protections, as evidenced here by providing for an appeal directly to the head of the school district rather than a designee, for the most serious disciplinary sanctions. See Goss v. Lopez, 419 U.S. 565, 584 (1975) ("Longer suspensions or expulsions . . . may require more formal procedures").

The defendants contend that we should defer to the department, the agency charged with assisting school districts in developing and implementing public education programs. The department has interpreted § 37H (d) to allow the superintendent of a school district to delegate the appeal function, including

a long-term suspension or expulsion hearing, to another properly designated school district official.[9]

Although we defer to an agency's interpretation "where the statute is ambiguous and the interpretation is reasonable," Commonwealth v. Wimer, 480 Mass. 1, 5 (2018), that is not the circumstance here. As discussed supra, § 37H (d) is not ambiguous. Further, the department's interpretation would require the addition of the phrase "or a designee" to § 37H (d). See Commonwealth v. Hamilton, 459 Mass. 422, 435-436 (2011) ("as a matter of statutory construction, we cannot supply words the Legislature chose not to include"); Commonwealth v. McLeod, 437 Mass. 286, 294 (2002) (same).

The defendants additionally assert that requiring superintendents personally to handle appeals under § 37H would be impractical. It is true that "we will not adopt a literal construction of a statute if the consequences of doing so are

_____

[9] The defendants also point to a department regulation that defines "superintendent" to mean "the chief executive officer employed by a school committee or board of trustees to administer a school system . . . or his or her designee appointed for purposes of conducting a student disciplinary hearing." See 603 Code Mass. Regs. § 53.02. However, the department regulation in which this definition appears is expressly limited in scope to "the minimum procedural requirements applicable to the suspension of a student for a disciplinary offense other than" the offenses and procedures listed in G. L. c. 71, § 37H (emphasis added). See 603 Code Mass. Regs. § 53.01(2)(a) (2015).

absurd or unreasonable, such that it could not be what the Legislature intended" (quotation and citation omitted). <u>Ciani</u> v. <u>MacGrath</u>, 481 Mass. 174, 178 (2019). However, the defendants have not provided any evidence to support their contention that the plain meaning of the statutory text would create absurd or unreasonable consequences.[10]

2. <u>Risks of harm</u>. Noting that the plaintiff's separation from the school already had spanned several months, the motion judge concluded that unless the preliminary injunction was granted, the plaintiff, an honors student who previously had been enrolled in a merit-based program and had no disciplinary record, would suffer irreparable harm. The plaintiff's motion included an affidavit from the plaintiff's mother, who averred to all of the facts underlying this conclusion, as well as the fact that the only alternative school available to the plaintiff was well below her instructional level.[11] Based on the record

---

[10] The department presented data in its amicus letter showing that in the 2018-2019 school year, Boston public schools disciplined 147 students for weapons possession, 197 for controlled substance possession, and 146 for assault pursuant to § 37H. The department did not indicate, however, how many of those cases involved an expulsion or a suspension greater than ninety days, and of those cases, how many involved an appeal. Nor did the department provide data showing the amount of time and resources spent on an average appeal.

[11] The defendants did not dispute these facts in their opposition to the motion for a preliminary injunction or attached affidavits or at the motion hearing. On appeal, the

before him, the judge had sufficient evidence for his conclusion. Cf. Goss, 419 U.S. at 576, quoting Brown v. Board of Educ., 347 U.S. 483, 493 (1954) ("'education is perhaps the most important function of state and local governments,' . . . and the total exclusion from the educational process for more than a trivial period . . . is a serious event in the life of the suspended child").

Finally, the judge concluded that the risk of irreparable harm to the plaintiff outweighed any risk of harm to the defendants, who asserted in their opposition to the preliminary injunction that the school and its students would be harmed if the plaintiff were allowed to return because she likely was to reoffend.[12]  There was no abuse of discretion.

---

defendants contend for the first time that the plaintiff "offered no evidence whatsoever" that she was an honors student, that she participated in a merit-based program, and that she had no prior disciplinary record.  However, this argument ignores the fact that the plaintiff's motion for a preliminary injunction included an affidavit from the plaintiff's mother averring to each of these facts.

[12] We note that although the judge was not required to address specifically the public interest factor, the risk of harm to the public interest here did not weigh against granting the preliminary injunction.  See Harris v. Commissioner of Correction, 409 Mass. 472, 474 (1991).  Indeed, as discussed supra, ordering the plaintiff's reinstatement promoted the public interest, as embodied by the Legislature's intent in § 37H, in affording expelled students enhanced procedural protections.

Conclusion.  A judgment is to be entered affirming the grant of the preliminary injunction and remanding the case to the Superior Court for further proceedings.

So ordered.