WILLIAM TAYLOR & others[1] *vs.* HOUSING APPEALS
COMMITTEE & others.[2]

Suffolk. February 5, 2008. - April 11, 2008.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, CORDY, & BOTSFORD, JJ.

*Department of Housing and Community Development. Administrative Law,*
Regulations. *Regulation. Statute,* Construction. *Zoning,* Comprehensive
permit, Low and moderate income housing. *Housing.*

A Superior Court judge properly upheld a decision of the Housing Appeals
Committee (HAC) of the Department of Housing and Community Develop-
ment (DHCD) ordering a town's zoning board of appeals to issue a permit
to a developer of affordable housing based on HAC's application of 760
Code Mass. Regs. § 31.04(1)(a) (2004), which, inter alia, sets the date on
which a municipality's stock of low or moderate income housing is
calculated for the purposes of G. L. c. 40B, §§ 20-23 (act), as the date on
which a city or town's zoning board of appeals files its written decision
regarding a permit with the municipality's clerk, where that regulation was
neither inconsistent with the act (the purpose of which is to remove barri-
ers imposed by municipalities that have not achieved a minimum stock of
affordable housing) nor irrational, in that DHCD promulgated the regula-
tion in an effort to strike a balance between the interests of municipalities
and those of developers. [153-157]

CIVIL ACTION commenced in the Superior Court Department on
July 14, 2005.

A partial motion to dismiss was heard by *Nancy Staffier
Holtz,* J.; an emergency motion to dismiss and a motion for
judgment on the pleadings were heard by *Diane M. Kottmyer,* J.

The Supreme Judicial Court granted an application for direct
appellate review.

*Jonathan D. Witten (Barbara M. Huggins* with him) for Wil-
liam Taylor & others.

*David A. Guberman,* Assistant Attorney General, for Housing
Appeals Committee.

[1]Marjorie Daggett, Anthony Galaitsis, and Philip Fischer.
[2]Rising Tide Development, LLC, and RTD Greenhouse, LLC.

*David S. Weiss (Michael S. Rabieh* with him) for Rising Tide Development, LLC, & another.

*Theodore C. Regnante & Paul J. Haverty,* for Citizens' Housing and Planning Association & another, amici curiae, submitted a brief.

COWIN, J. At issue in this case is the validity of a regulation of the Department of Housing and Community Development (DHCD), 760 Code Mass. Regs. § 31.04(1)(a) (2004), which, among other things, sets the date on which a municipality's stock of low or moderate income housing is calculated for the purposes of G. L. c. 40B, §§ 20-23 (act).[3] The act requires each municipality in the Commonwealth to devote ten per cent of its housing stock to low or moderate income housing. G. L. c. 40B, § 20. The date for calculating whether a town has met the ten per cent threshold is of critical importance in the act's framework. Nevertheless, the act does not provide a specific date of calculation, thus effectively leaving the task to the discretion of DHCD.

The plaintiffs ask, in essence, that we invalidate DHCD's regulation, which sets the date of calculation as the date on which a city or town's zoning board of appeals files its written decision regarding a permit with the municipality's clerk, and instead hold that the applicable date of calculation is the date on which a city or town actually satisfies the ten per cent threshold.[4]

---

[3]Title 760 Code Mass. Regs. § 31.04(1)(a) (2004) provides, in pertinent part:

> "In determining whether the decision of a [town's zoning board of appeals] is consistent with local needs, low and moderate income housing units shall be counted as of the date of the filing of the written decision in the office of the city or town clerk pursuant to 760 [Code Mass. Regs.] § 30.06(8). . . ."

The phrase "consistent with local needs" is a term of art defined in G. L. c. 40B, § 20. Local zoning requirements and regulations are deemed "consistent with local needs," and thus permissibly imposed by a zoning board of appeals, when a town's low or moderate income housing constitutes ten per cent of the total housing stock. G. L. c. 40B, § 20.

[4]The plaintiffs style their argument as one of jurisdiction, arguing that, once a city or town satisfies the ten per cent threshold, the Housing Appeals Committee (HAC) is deprived of "jurisdiction" over a developer's appeal of a decision of the town's zoning board of appeals. The analysis is not aided by dwelling on whether the question is "jurisdictional." The only question at is-

We decline to do so, as the regulation is consistent with the language of the act and is rationally related to its purposes.

*Statutory framework.* The primary purpose of the act is "to provide relief from exclusionary zoning practices which prevent[] the construction of badly needed low and moderate income housing." *Board of Appeals of Hanover* v. *Housing Appeals Comm.*, 363 Mass. 339, 354 (1973). Pursuant to the act, eligible developers seeking to build low or moderate income housing apply to a city or town's zoning board of appeals for a single, comprehensive permit, avoiding the "often arduous process" of applying individually to a series of local boards and agencies. *Middleborough* v. *Housing Appeals Comm.*, 449 Mass. 514, 516 (2007). See G. L. c. 40B, § 21.

The defining characteristic of the act's framework is the requirement that each municipality devote ten per cent of its housing stock to low or moderate income housing, see G. L. c. 40B, § 20. See also *Board of Appeals of Hanover* v. *Housing Appeals Comm.*, *supra* at 383 (ten per cent represents "the minimum share of responsibility that each community must shoulder in order to alleviate the housing crisis that confronts the Commonwealth"). However, achievement of the ten per cent statutory minimum does not deprive a local zoning board of appeals of the ability to grant additional comprehensive permits to developers seeking to construct low or moderate income housing. See *Boothroyd* v. *Zoning Bd. of Appeals of Amherst*, 449 Mass. 333, 340-341 (2007); *Board of Appeals of Hanover* v. *Housing Appeals Comm.*, *supra* at 367.

On the other hand, satisfaction of the statutory minimum allows a local zoning board of appeals to deny comprehensive permits with impunity. See *Zoning Bd. of Appeals of Wellesley* v. *Housing Appeals Comm.*, 385 Mass. 651, 657 (1982). That is, if a municipality is under the ten per cent minimum, HAC may order the municipality's zoning board of appeals to grant a comprehensive permit or to modify or remove conditions that render a project uneconomic. G. L. c. 40B, § 23. But, if a municipality

sue is the point in time at which the city or town is deemed to have attained the statutory minimum, after which a determination by the zoning board of appeals is immune from review by HAC. See *Zoning Bd. of Appeals of Wellesley* v. *Housing Appeals Comm.*, 385 Mass. 651, 657 (1982).

has reached the ten per cent threshold, and its zoning board of appeals denies a developer's application, then the application process is effectively terminated. In such circumstances, HAC is without authority to order that board to grant a comprehensive permit or to modify or remove conditions. See G. L. c. 40B, § 20 (providing that local zoning requirements and regulations may be enforced and "shall be consistent with local needs when imposed" by zoning board of appeals in municipality that has met statutory minimum); *Board of Appeals of Hanover* v. *Housing Appeals Comm., supra* at 367.

As indicated, the act does not specify the date for calculating when a city or town has met the ten per cent threshold. See G. L. c. 40B, § 20. In the absence of specific treatment in the statute, DHCD has attempted to deal with the question by a regulation setting forth a calculation date. The original version of the regulation established the date as the date of application for a comprehensive permit. See 760 Code Mass. Regs. § 31.04(1)(a) (1978); *Zoning Bd. of Appeals of Greenfield* v. *Housing Appeals Comm.*, 15 Mass. App. Ct. 554, 559 (1983). In 1991, the regulation was amended to remove the reference to the date of application, but no other date was substituted. See 760 Code Mass. Regs. § 31.04(1)(a) (1991). In 2003, HAC, in an administrative decision, Casaletto Estates, LLC *vs.* Georgetown Bd. of Appeals, Housing Appeals Comm., No. 01-12 (May 19, 2003) (Casaletto), set the date of filing of the board's decision as the appropriate date of calculation. DHCD adopted the Casaletto decision's approach in an amended regulation in 2004, 760 Code Mass. Regs. § 31.04(1)(a) (2004), and that is the regulation challenged here.

*Facts and procedural history.* In January, 2002, Rising Tide Development, LLC, and RTD Greenhouse, LLC (developers), applied for a comprehensive permit to construct forty-eight units of housing (the developers subsequently reduced this figure to thirty-six units) in the town of Lexington (town). The town's zoning board of appeals (board) approved the application but, among other things, conditioned the permit on the construction of only twenty-eight units. The developers appealed to HAC. The plaintiffs in this case, abutters to the proposed project, moved to intervene and were permitted to participate as amici pending a decision on the merits. Prior to a hearing on the matter, the board

and the plaintiffs stipulated that the town had not achieved the ten per cent threshold for affordable housing under G. L. c. 40B.

In June, 2005, HAC issued its decision. It ordered the board to issue an amended permit that, inter alia, increased the number of approved units from twenty-eight to the thirty-six that the developers requested. In July, 2005, the plaintiffs filed a complaint in the Superior Court against HAC and the developers, seeking a review of HAC's decision pursuant to G. L. c. 40B, § 22.[5] In December, 2005, HAC filed a partial motion to dismiss the complaint, which a judge in the Superior Court allowed as to all but two counts.

In September, 2006, the plaintiffs filed a motion for judgment on the pleadings. In November, 2006, the plaintiffs filed an emergency motion to dismiss on the ground that HAC lacked subject matter jurisdiction. The plaintiffs claimed that HAC was deprived of jurisdiction in April, 2005, when, after the hearing on the matter was completed but before HAC issued its decision, DHCD determined that the town had reached the ten per cent threshold established by G. L. c. 40B, § 20.[6]

A second Superior Court judge denied the emergency motion to dismiss. She concluded that the act did not provide a date when a municipality's compliance with the ten per cent threshold must be calculated, and that the DHCD regulation specifying the time at which compliance would be calculated, 760 Code Mass. Regs. § 31.04(1)(a), was both consistent with statutory language and rationally related to the available statutory purpose. The judge also denied the plaintiffs' motion for judgment on the pleadings and ordered that judgment enter affirming the HAC decision. The plaintiffs appealed. We granted the developers' application for direct appellate review.

*Discussion.* In assessing the validity of an administrative agency's properly promulgated regulation, we follow a well-established two-part test. First, "using conventional tools of statutory interpretation," we determine "whether the Legislature

---

[5]The board did not appeal HAC's decision.

[6]DHCD's determination was based on the fact that Lexington's zoning board of appeals had issued a comprehensive permit in April, 2005, to another developer for the construction of sufficient units of mixed-income housing to bring the town above the ten per cent threshold.

has spoken with certainty on the topic in question." *Goldberg* v. *Board of Health of Granby*, 444 Mass. 627, 632-633 (2005). If the statute is unambiguous, we "give effect to the Legislature's intent." *Id.* at 633. However, if there is ambiguity or a gap in the statute, we "determine whether the agency's resolution of [the pertinent] issue may 'be reconciled with the governing legislation.' " *Id.* at 633, quoting *Nuclear Metals, Inc.* v. *Low-Level Radioactive Waste Mgt. Bd.*, 421 Mass. 196, 211 (1995).

This second stage of the analysis requires "substantial deference" to the administrative agency charged with primary responsibility for administering the statute, and regulations are "not to be declared void unless their provisions cannot by any reasonable construction be interpreted in harmony with the legislative mandate." *Goldberg* v. *Board of Health of Granby, supra* at 633, quoting *Berrios* v. *Department of Pub. Welfare*, 411 Mass. 587, 595 (1992).

In the years since the act was passed, DHCD has appropriately promulgated regulations that fill gaps and clarify ambiguities in it. See, e.g., *Board of Appeals of Hanover* v. *Housing Appeals Comm.*, 363 Mass. 339, 368 n.20 (1973) ("any ambiguities which may remain in [the act] can be resolved by administrative regulations promulgated by the Commissioner of Community Affairs"). See generally *Cleary* v. *Cardullo's, Inc.*, 347 Mass. 337, 344 (1964) (duty of statutory interpretation is for courts; "[n]evertheless, particularly under an ambiguous statute . . . the details of legislative policy, not spelt out in the statute, may appropriately be determined, at least in the first instance, by an agency charged with administration of the statute"). As a rule, we have deferred to the agency's expertise in these matters. See, e.g., *Middleborough* v. *Housing Appeals Comm.*, 449 Mass. 514, 526-530 (2007) (regulation defining "subsidy"); *Zoning Bd. of Appeals of Wellesley* v. *Housing Appeals Comm.*, 385 Mass. 651, 654-656 (1982) (regulation including, in definition of "low or moderate income housing," units constructed under Massachusetts Housing Finance Agency mortgage loans). We overturn a properly promulgated regulation only when it is inconsistent with the authorizing statute or is irrational. See *Berrios* v. *Department of Pub. Welfare, supra* at 595 (regulation not to be invalidated unless its provisions "cannot by any reasonable

construction be interpreted in harmony with the legislative mandate"); *Arthur D. Little, Inc.* v. *Commissioner of Health & Hosps. of Cambridge*, 395 Mass. 535, 553 (1985), quoting *Moysenko* v. *Board of Health of N. Andover*, 347 Mass. 305, 308 (1964) (regulation may be struck down only if "unreasonable, arbitrary, whimsical, or capricious").

The instant regulation is neither inconsistent with the act nor irrational. Given the absence of a date in the act establishing when the ten per cent minimum is deemed achieved, the question is whether DHCD's selection of the date of filing of the board's decision as the date for measuring compliance "may be reconciled," *Goldberg* v. *Board of Health of Granby*, *supra* at 633, with the language and purposes of the act.

We consider first the reasons set forth in HAC's Casaletto decision, *supra*, which appears to have been the basis for the revised regulation.[7] HAC determined that the language of G. L. c. 40B, § 20, which stated that local zoning requirements are consistent with local needs "when imposed by a board of zoning appeals after a comprehensive hearing," suggests that a municipality's progress toward the ten per cent threshold should be calculated when restrictions (whether in the form of conditions or an outright denial of an application) are actually imposed, that is, at the time that the decision of a zoning board of appeals is rendered. HAC believed that this was a natural interpretation of the words "when imposed." This reading of § 20 is, of course, not the only possible construction, but it is a permissible one.

Next, HAC considered DHCD's motivation in removing the reference to the date of application for a permit as the appropriate calculation date in its 1991 amendment to 760 Code Mass. Regs. § 31.04(1)(a). HAC reasoned that this removal reflected a considered policy decision. The amendment

> "may well have reflected a desire to change the controlling date so that when a municipality faces several applications that are filed nearly simultaneously, it does not

---

[7]We view DHCD's adoption of the date set by HAC in Casaletto Estates, LLC *vs*. Georgetown Bd. of Appeals, Housing Appeals Comm., No. 01-12 (May 19, 2003), as an indication that it agreed with the reasons articulated in that decision for selecting the date of filing of the decision of a zoning board of appeals as the date for calculating compliance with the ten per cent minimum.

have to bear the burden of having all of the applications appealable even though granting only one or two would be sufficient to take it to the ten per cent threshold. That is, in promulgating the regulations, DHCD may have intended to shift the advantage to municipalities, even though a developer would prefer to see the application date remain as the benchmark lest it run the risk . . . of other proposals being permitted before the decision on its application is rendered."

What we derive from the Casaletto decision and from DHCD's subsequent codification of it in a regulation is that DHCD attempted to strike a balance between the interests of municipalities and those of developers. The current regulation favors municipalities by giving them greater flexibility to deny applications, particularly as they approach the ten per cent threshold. To expand on the reason provided in the Casaletto decision, a city or town's zoning board of appeals (in a municipality where affordable housing stock is approaching the ten per cent threshold) facing several applications may reject some of them without the burden of being overturned on appeal, because the application(s) that it decides to approve will allow it to satisfy the statutory minimum.

In another example, if an application is pending before a city or town's zoning board of appeals, and HAC orders that body to grant a comprehensive permit on another, earlier application that puts the town over the ten per cent minimum, then the zoning board of appeals may deny the pending application without risking the possibility of a reversal. If, on the other hand, the date of calculation is set as the date of application for a permit, that same local zoning board of appeals would have less freedom to deny applications when it is close to achieving the ten per cent minimum, and any developer who files before the town meets that minimum will have the right to appeal the decision of the zoning board of appeals.[8]

The current version of 760 Code Mass. Regs. § 31.04(1)(a)

---

[8]The shift in calculation time to the time of filing of the decision of a local zoning board of appeals places a consequently greater burden on developers. Developers may proceed through extensive and costly hearings on an application only to discover that the denial of their application is not appealable because the municipality has already reached the ten per cent minimum. Had the calculation date remained the pre-1991 date of application, a developer

reflects a history of reasonable policy decisions made by HAC and DHCD. The purpose of the act is to remove barriers imposed by municipalities that have not achieved a minimum stock of affordable housing; municipalities may do more should they wish, but they are not required to do so. The act thus prevents municipalities from "obstructing the building of a minimum level of housing affordable to persons of low income" while leaving to local authorities "their well-recognized autonomy generally to establish local zoning requirements." *Zoning Bd. of Appeals of Wellesley* v. *Ardemore Apartments Ltd. Partnership*, 436 Mass. 811, 822-823 (2002), citing *Board of Appeals of Hanover* v. *Housing Appeals Comm.*, 363 Mass. 339, 347 (1973). Given the statutory framework, DHCD's choice to provide somewhat greater freedom to a municipality that is approaching the ten per cent threshold, consequently placing a greater burden on the developer, is a permissible policy choice that DHCD is best equipped to make. It is thus one to which we defer. "A reasonable regulation of an administrative agency which is clear and unambiguous on its face must, like a comparable statute, be applied according to its terms." *Zoning Bd. of Appeals of Greenfield* v. *Housing Appeals Comm.*, 15 Mass. App. Ct. 553, 559 (1983).

*Judgment affirmed.*

---

would know at the outset whether the decision of a zoning board of appeals would be appealable.