Leibensperger, Edward P., J.
This is an action for judicial review of a decision of the Housing Appeals Committee (“HAC”) of the Department of Housing and Community Development. The HAC issued a Ruling on Motions for Summary Judgment (the “Decision”) in resolution of an appeal commenced under G.L.c. 40B, §22 by an applicant seeking to build low or moderate income housing. The applicant was defendant, Bruce LLC (“applicant”). This action for judicial review was commenced by plaintiff, Robert Cserr (“abutter”), an abutter to the project. The HAC and the applicant now move to dismiss pursuant to Mass.R.Civ.P. 12(b)(1) asserting that there is a lack of jurisdiction over the subject matter. The basis of the claim of lack of subject matter jurisdiction is the contention that an abutter has no standing to seek judicial review of a HAC decision.
The resolution of this motion turns upon an analysis of the opinions of the Supreme Judicial Court in Taylor v. Housing Appeals Committee, 451 Mass. 149 (2008) (Taylor I), and Taylor v. Board of Appeals of Lexington, 451 Mass. 270 (2008) (Taylor II).
*472 In Taylor I, abutters to a project sued pursuant to G.L.c. 40B, §22, seeking review of a HAC decision (the “§22 action”). Taylor I at 153. Section 22 of G.L.c. 40B states that a “decision [of the HAC] may be reviewed in the superior court in accordance with the provisions of chápter thirty A.” The abutters, unhappy with the HAC decision, moved for judgment on the pleadings in an action for judicial review under c. 30A. The Superior Court judge, after review on the merits, denied the abutters’ motion and entered an order affirming the HAC decision. The abutters appealed. The Supreme Judicial Court granted the developer’s application for direct appellate review. Taylor I at 153. The Supreme Judicial Court proceeded to hear and decide the appeal on the merits without ever questioning or mentioning whether the abutters had standing to seek review of the HAC decision.
In Taylor II, the Supreme Judicial Court considered whether the abutters’ separate action to challenge the granting by the HAC of a comprehensive permit for the building of low or moderate income housing could stand. The separate action by the abutters was brought pursuant to G.L.c. 40B, §21 and c. 40A, §17 (the “§21 action”). In such a separate action the abut-ters, as persons aggrieved by a decision of the HAC, could appeal to the court where they would be entitled to “full judicial review” as opposed to the more limited and deferential c. 30A review in an appeal in the §22 action. Taylor II, at 276. The developer moved for summary judgment in the §21 action arguing “that participation in the HAC appeal is sufficient to protect all of the interests of all persons aggrieved and that [the Court] should interpret the statutes as depriving such persons of any §21 appeal once an applicant appeals to the HAC under G.L.c. 40B, §22.” Id. at 274-75 (emphasis in the original). The Court rejected the developer’s argument, allowing the possibility of the abutters’ §21 action to stand.[1]
The Court in Taylor II made explicit reference to the §22 action by the abutters (decided in Taylor I) and noted that its holding allowing a §21 action by the same abutters “may in some cases add a second layer of review of any amended comprehensive permit that issues.” Id. at 277. The Court went on to address how the statutory scheme, allowing two alternate routes for persons aggrieved by a decision on a comprehensive permit, might hamper the stated intent of G.L.c. 40B to streamline and accelerate the permitting process for developers of low or moderate income housing. Nevertheless, the court was bound by the language of the statutes to allow for “separate appeals.” Id. at 279. The unmistakable premise of the Court’s discussion and holding was that abutters who were allowed to participate in an HAC appeal as aggrieved parties had the right to a G.L.c. 30A review of the HAC decision in the Superior Court.
In the present case, Cserr, as an abutter, was granted permission to intervene, pursuant to 760 C.M.R. 56.06(2)(b), in the HAC appeal commenced by the applicant, Bruce. See Decision, p. 4, n.7. That regulation allows the HAC to grant intervention where the intervenor “may be substantially and specifically affected by the proceedings” and when such person’s “interests and concern's . . . are germane to the'issues of whether the Local Requirement and Regulations make the Project Uneconomic or whether the Project is consistent with Local Needs.” Accordingly, the HAC, by allowing the abutter to intervene as a party, implicitly if not explicitly found him to be an aggrieved party. Given the recognition by the Supreme Judicial Court of an aggrieved abutter’s right to seek judicial review of a HAC decision in a §22 action in the Superior Court, the abutter has standing to proceed with this action and the court has subject matter jurisdiction to hear the action.
For the reasons stated, defendants’ motions to dismiss for lack of subject matter jurisdiction are DENIED.

In Taylor II, the abutters had failed to timely commence the operative §21 action. Id. at 276, n.8.