NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12201

GEORGE MODICA  vs.  SHERIFF OF SUFFOLK COUNTY & others.[1]


Suffolk.     January 5, 2017. - May 15, 2017.

Present:  Gants, C.J., Lenk, Hines, Gaziano, Lowy, & Budd, JJ.


Correction Officer.  Words, "Bodily injury."



Civil action commenced in the Superior Court Department on
October 24, 2014.

The case was heard by Douglas H. Wilkins, J., on motions
for summary judgment.

The Supreme Judicial Court on its own initiative
transferred the case from the Appeals Court.


Noah A. Winkeller for the plaintiff.
Allen H. Forbes, Special Assistant Attorney General, for
the defendants.


BUDD, J.  Through G. L. c. 126, § 18A, and G. L. c. 30,

§ 58, the Legislature has afforded correction officers

additional compensation to close the gap between workers'

---

[1] The Commonwealth and the Suffolk County sheriff's
department.

compensation benefits and an employee's salary if the employee sustains bodily injury as a result of inmate violence during the course of his or her duties. The plaintiff, George Modica, a correction officer in the Suffolk County Sheriff's Department, sued the defendants -- the sheriff of Suffolk County, the Suffolk County sheriff's department, and the Commonwealth -- to obtain compensation under the statutes. At issue in this case is the meaning of "bodily injury" as the term is used in the two statutes. We conclude that bodily injury is that which results in physical injury; because the defendant has not suffered such an injury, he does not qualify for compensation under the statute.

Background. The pertinent facts, taken from the record, are undisputed. As a result of breaking up inmate fights in March and April of 2010, the plaintiff began to experience an accelerated heart rate (sinus tachycardia) accompanied by light-headedness and difficulty breathing.

The defendants initially paid workers' compensation benefits voluntarily but soon after discontinued them. The plaintiff filed a claim for further workers' compensation benefits and, insofar as relevant here, the plaintiff underwent two independent medical examinations. Both doctors concurred that the defendant's symptoms were a physiological response to stress, that the sinus tachycardia was neither the result nor

the cause of any physical harm, and that there was no evidence of structural heart disease.[2]

The parties eventually settled the plaintiff's workers' compensation claim, stipulating that the plaintiff's injury was a physiological response to his involvement in inmate altercations.  The plaintiff thereafter applied for compensation under G. L. c. 126, § 18A, and G. L. c. 30, § 58, which the defendants denied.[3]  The plaintiff commenced an action in the Superior Court.  Both parties filed motions for summary judgment, which were heard by a Superior Court judge.  The judge denied the plaintiff's motion and allowed the defendants' motion.  He concluded that the tachycardia "amount[ed] to a change in function without physical damage" and that therefore the condition was not a bodily injury entitling the plaintiff the extra compensation.  The plaintiff appealed, and we transferred the case to this court on our own motion.

Discussion.  Where the record is undisputed and the case was decided below on motions for summary judgment, "one of the moving part[ies] is entitled to judgment as a matter of law"

[2] The plaintiff adopted these findings in pleadings he filed with the Department of Industrial Accidents.

[3] The plaintiff made claims under both G. L. c. 126, § 18A, and G. L. c. 30, § 58.  The former applies to county employees, the latter to State employees; they are otherwise indistinguishable.  For the sake of simplicity, we refer only to § 18A in the remainder of this opinion, but we interpret G. L. c. 30, § 58, in identical fashion in all relevant respects.

(quotation omitted). Massachusetts Insurers Insolvency Fund v. Berkshire Bank, 475 Mass. 839, 841 (2016). "The single issue raised is one of statutory interpretation, and we review the motion judge's decision de novo." Id.

General Laws c. 126, § 18A, provides in relevant part:

> "An employee . . . who, while in the performance of duty, receives bodily injuries resulting from acts of violence of patients or prisoners in his custody, and who as a result of such injury would be entitled to benefits under [G. L. c. 152 (the worker's compensation statute)], shall be paid . . . the difference between the weekly cash benefits to which he would be entitled under [c. 152] and his regular salary . . . ."

Thus, in order to be entitled to compensation under the statute, a correction officer must show (1) bodily injury (2) resulting from an act of violence (3) committed by a prisoner who was (4) in the plaintiff's custody and (5) resulting in the plaintiff being entitled to worker's compensation. The parties dispute only whether the plaintiff suffered a "bodily injury," a term that is not defined in the statute.

"When a statute does not define its words we give them their usual and accepted meanings, as long as these meanings are consistent with the statutory purpose. . . . We derive the words' usual and accepted meanings from sources presumably known to the statute's enactors, such as their use in other legal contexts and dictionary definitions." Commonwealth v. Bell, 442 Mass. 118, 124 (2004), quoting Commonwealth v. Zone Book, Inc.,

372 Mass. 366, 369 (1977).  Bodily injury has been statutorily defined in the criminal context as a "substantial impairment of the physical condition, including any burn, fracture of any bone, subdural hematoma, injury to any internal organ . . . ." G. L. c. 265, § 13J.   See also G. L. c. 265, §§ 13K (a), 39 (b).  Certain civil statutes also make use of this definition of bodily injury.  See G. L. c. 111, § 72K (abuse and neglect of patients or residents in long-term care); G. L. c. 208, § 31A (parent's abuse a factor in determining custody of children); G. L. c. 209, § 38 (same); G. L. c. 209C, § 10 (same). Similarly, Black's Law Dictionary defines bodily injury as "[p]hysical damage to a person's body."  Black's Law Dictionary 906 (10th ed. 2014).  Additionally, in the insurance context the phrase "bodily injury" has been construed as referring to physical injury.  Allstate Ins. Co. v. Diamant, 401 Mass. 654, 656 (1988) ("'Bodily injury'. . . encompasses only physical injuries to the body and the consequences thereof").

Thus, we conclude that for the purposes of § 18A, bodily injury refers to physical impairment or damage, i.e., physical injury.  As the plaintiff's sinus tachycardia is an impairment of function which has not led to structural heart damage, it is not a physical impairment or injury.  Therefore, the plaintiff does not have a bodily injury within the meaning of the statute.

The plaintiff's arguments to the contrary are unavailing. He contends that because it is unknown when or if his symptoms will subside, his condition falls within the meaning of bodily injury in the statute. This reasoning conflates the duration of an injury with the type of injury. Clearly the duration of an injury has nothing to do with whether it is a bodily injury: emotional injuries, too, may be long-lasting.

The plaintiff also suggests that we should broadly construe "bodily injury" in order to provide this special class of employees the extra protection intended by the statute. To bolster this argument, he points out that we have done so with other portions of the statute. See, e.g., Conroy v. Boston, 392 Mass. 216, 219-220 (1984) (inmate's escape was act of violence under statute). Adopting this view would require us to overlook the fact that the Legislature chose to use the term "bodily injury" rather than "personal injury" (or simply "injury"). Personal injury, as the term is used in the workers' compensation statute, encompasses physical as well as mental or emotional disabilities.[4] See G. L. c. 152, § 1 (7A). See

---

[4] Additionally, Black's Law Dictionary defines personal injury in the context of workers' compensation as "any harm . . . that arises in the scope of employment" (emphasis added). Black's Law Dictionary 906 (10th ed. 2014). In the insurance context, "[t]he term 'personal injury' is broader and includes not only physical injury but also any affront or insult to the reputation or sensibilities of a person. 'Bodily injury,' by comparison, is a narrow term and encompasses only physical

also Bisazza's Case, 452 Mass. 593, 598 (2008).  As G. L.
c. 126, § 18A, expressly refers to the workers' compensation
statute, we must assume that the Legislature used the narrower
term intentionally.  See Polaroid Corp. v. Commissioner of
Revenue, 393 Mass. 490, 497 (1984) ("words of a statute must be
construed in association with other statutory language and the
general statutory plan").

Conclusion.  Although the plaintiff may well have
sustained an injury, he is unable to show that he has a bodily
injury within the meaning of G. L. c. 126, § 18A.  Accordingly,
we affirm the judgment of the Superior Court.

So ordered.

---

injuries to the body and the consequences thereof."  Allstate
Ins. Co. v. Diamant, 401 Mass. 654, 656 (1988).