NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12412

COMMONWEALTH  vs.  JEFFREY WIMER.

Franklin.     February 8, 2018. – June 21, 2018.

Present:  Gants, C.J., Gaziano, Budd, Cypher, & Kafker, JJ.


Sex Offender Registration and Community Notification Act.  Open and Gross Lewdness and Lascivious Behavior.  Practice, Criminal, Sentence.  Statute, Construction.  Words, "Second and subsequent adjudication or conviction."



Complaint received and sworn to in the Greenfield Division of the District Court Department on July 11, 2012.

A motion to correct an illegal sentence, filed on December 19, 2016, was heard by William F. Mazanec, III, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.


Timothy St. Lawrence for the defendant.
Cynthia M. Von Flatern, Assistant District Attorney, for the Commonwealth.


BUDD, J.  The sex offender registration statute requires those convicted of committing certain acts to register with the Sex Offender Registry Board (board) as sex offenders.  G. L.

c. 6, §§ 178C-178Q.  A "second and subsequent adjudication or conviction of open and gross lewdness" in violation of G. L. c. 272, § 16,[1] requires such registration.  G. L. c. 6, § 178C. The defendant pleaded guilty to two counts of this crime and was ordered to register as a sex offender.  He appeals from the denial of his motion to correct an illegal sentence, arguing that, as the two convictions were adjudicated during the same proceeding, he did not have a "second and subsequent" conviction as required by § 178C and, thus, he was not required to register as a sex offender.  We agree and, accordingly, we reverse.

Background.  1.  Statutory framework.  The sex offender registration statute, originally passed in 1996, see St. 1996, c. 239, and substantially modified in 1999, see St. 1999, c. 74, was enacted to address "the danger of recidivism posed by sex offenders, especially sexually violent offenders who commit predatory acts characterized by repetitive and compulsive behavior."  Doe, Sex Offender Registry Bd. No. 205614 v. Sex Offender Registry Bd., 466 Mass. 594, 595 (2013), quoting St. 1999, c. 74, § 1.  The statute requires a sex offender to provide certain personal information, including name and current address, to the board.  G. L. c. 6, § 178E.

---

[1] General Laws c. 272, § 16, provides:  "A man or woman, married or unmarried, who is guilty of open and gross lewdness and lascivious behavior, shall be punished . . . ."

The board classifies sex offenders within a system of three different levels based on risk of reoffense and degree of dangerousness, with level one representing the designation for offenders presenting the least serious risk of reoffense and level of dangerousness and level three for those presenting the most serious.[2]  See G. L. c. 6, § 178K (2).  A sex offender's registration level has consequences for public access to that offender's information.  Level one offenders are entitled to greater information privacy.  See G. L. c. 6, § 178D.  Level two and three sex offenders, by contrast, have their information published in an online database available to the public.  Id.

The sex offender registration statute designates a number of offenses as sex offenses, including, but not limited to, violent and nonviolent unwanted sexual touching, sexual offenses against vulnerable victims, and possession or distribution of child pornography.  Unlike the offense at issue in this case,

---

[2] "The board begins with a preliminary recommended classification.  See G. L. c. 6, § 178L (1); 803 Code Mass Regs. § 1.06(3) (2016).  Any offender who disagrees with the recommended classification may request a de novo evidentiary hearing conducted by a board member, a panel of three board members, or a hearing examiner.  See G. L. c. 6, § 178L (2); 803 Code Mass. Regs. §§ 1.06(4), 1.08, 1.14 (2016).  If no such request is made, the board's recommended classification decision becomes its final classification determination.  See G. L. c. 6, § 178L (1). . . .  A sex offender has a right to seek judicial review of the final classification decision in accordance with G. L. c. 30A, § 14.  See G. L. c. 6, § 178M."  Doe, Sex Offender Registry Bd. No. 209081 v. Sex Offender Registry Bd., 478 Mass. 454, 455 n.4 (2017).

most, but not all, of the offenses require registration after one conviction. See G. L. c. 6, § 178C.

2. <u>Factual and procedural history</u>. In 2013, the defendant pleaded guilty to two counts of open and gross lewdness, in violation of G. L. c. 272, § 16. The charges arose from two incidents in which the defendant masturbated in front of his girl friend's nine year old daughter. The defendant's sentence on the second conviction included an order to register as a sex offender pursuant to G. L. c. 6, § 178C, which requires such registration upon a "second and subsequent adjudication or conviction of open and gross lewdness."

Subsequently the defendant filed a motion to withdraw his guilty plea and a motion for a new trial; both were denied. See Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001). The defendant appealed, and then filed a motion to correct an illegal sentence in the trial court.[3] See Mass. R. Crim. P. 30 (a) ("Any person . . . whose liberty is restrained pursuant to a criminal conviction may . . . file a written motion . . . ."). After a nonevidentiary hearing, the trial judge denied the defendant's rule 30 (a) motion. The Appeals Court consolidated

---

[3] The defendant accepted the condition of registering as a sex offender at the time of his change of plea. However, although "the defendant could plead guilty, he could not accept a statutorily created sentencing condition that simply did not exist under the facts of his case." <u>Commonwealth</u> v. <u>Hernandez</u>, 60 Mass. App. Ct. 416, 418 (2004).

the defendant's appeals, and we transferred the case here on our own motion.  Before us, the defendant challenges only the denial of his rule 30 (a) motion.

Generally we review denials of rule 30 (a) motions for abuse of discretion.  Commonwealth v. Perez, 477 Mass. 677, 681-682 (2017).  However, as the question is one of statutory interpretation, we review the lower court's ruling de novo.  Commonwealth v. Ventura, 465 Mass. 202, 208 (2013).

Discussion.  We look to the plain language of a statute to ascertain the intent of the Legislature.  See, e.g., Commonwealth v. Deberry, 441 Mass. 211, 215 (2004).  Open and gross lewdness is a sex offense requiring registration with the board only upon a "second and subsequent adjudication or conviction."  G. L. c. 6, § 178C.  As the statute calls for a "second and subsequent" event, two conditions must be met before a defendant must register:  (1) there must be two such events, and (2) the second must be subsequent to the first. See United Church of Religious Science v. Assessors of Attleboro, 372 Mass. 280, 284-285 (1977) (use of word "and" between two factors required both factors be present for provision to apply).  Although the term "subsequent" is not defined in the act, the ordinary meaning of the term is "following in time:  coming or being later than something else." Webster's Third New International Dictionary 2278 (2002).

See Modica v. Sheriff of Suffolk County, 477 Mass. 102, 104 (2017), quoting Commonwealth v. Bell, 442 Mass. 118, 124 (2004) ("When a statute does not define its words we give them their usual and accepted meanings [derived] . . . from sources presumably known to the statute's enactors, such as their use in other legal contexts and dictionary definitions").

Moreover, "second and subsequent" modifies "adjudication or conviction." G. L. c. 6, § 178C. Both "adjudication" and "conviction" involve a legal proceeding. Although the defendant committed two separate incidents on two different occasions (one subsequent to the other), the resulting two convictions occurred in the same judicial proceeding. Thus, the second conviction was not a subsequent conviction.

It is instructive to compare the language at issue to similar language found elsewhere in § 178C. See Casseus v. Eastern Bus Co., 478 Mass. 786, 795 (2018) ("When the meaning of any particular section or clause of a statute is questioned, it is proper, no doubt, to look into the other parts of the statute; otherwise the different sections of the same statute might be so construed as to be repugnant . . ." [citation omitted]). For example, human trafficking is also a sex offense requiring registration but only upon a "second or subsequent violation" (emphasis added). G. L. c. 6, § 178C. Notably, there the term "violation" is used rather than the

phrase "adjudication or conviction."  Thus, unlike the two incidents of open and gross lewdness at issue here, two or more incidents of human trafficking would be considered a sex offense under the act regardless of whether they were adjudicated together.[4]  Had the Legislature intended the interpretation the Commonwealth would have us adopt, it would have used the term "violation" rather than the phrase "adjudication or conviction." See Commonwealth v. Gagnon, 439 Mass. 826, 833 (2003) ("Where the [L]egislature has carefully employed a term in one place and excluded it in another, it should not be implied where excluded" [citation omitted]).

The Commonwealth disagrees, arguing that we should defer to the board, which interprets "second and subsequent adjudication or conviction" differently.  A regulation promulgated by the board defines this phrase as it appears in § 178C as

> "[t]he later of two or more separate convictions pursuant to [G. L.] c. 272, § 16.  Multiple convictions resulting from a single act shall be treated as a single conviction, but arraignments occurring on the same date and resulting in multiple convictions shall be presumed to be the result of separate acts and treated as separate convictions."

803 Code Mass. Regs. § 1.03 (2016).

---

[4] We also note that in the case of human trafficking, the statute refers to a "second or subsequent violation" (emphasis added).  G. L. c. 6, § 178C.  See Moronta v. Nationstar Mtge., LLC, 476 Mass. 1013, 1014 (2016) ("The use of the word 'or' to separate the prongs of a statute indicates that the prongs are alternatives, that is, that either one would be sufficient on its own and that it is not necessary to establish both").

We defer to an agency's statutory interpretation where the statute is ambiguous and the interpretation is reasonable. See Alves's Case, 451 Mass. 171, 175 (2008). Here, however, as discussed above, the statutory language is unambiguous -- a defendant commits a sex offense under § 178C where his or her second adjudication or conviction of open and gross lewdness occurs after a first adjudication or conviction. Two violations will suffice only if the adjudications or convictions for them are not simultaneous. As the board's interpretation renders the word "subsequent" superfluous, we decline to defer to it. See Chin v. Merriot, 470 Mass. 527, 537 (2015) ("we 'give effect to all words of a statute, assuming none to be superfluous'" [citation omitted]). See also Taylor v. Housing Appeals Comm., 451 Mass. 149, 154 (2008).

The Legislature's choice of words in a different but related statute confirms our conclusion. See Commonwealth v. Escobar, 479 Mass. 225, 231-232 (2018). The phrase "second and subsequent" is also used in a related section that provides for additional punishment upon a "second and subsequent conviction" for failure to register with the board. G. L. c. 6, § 178H (a) (2).[5] In a case dealing with § 178H (a) (2), the

---

[5] A first conviction of failure to register with the board results in a minimum sentence of six months in a house of correction. G. L. c. 6, § 178H (a) (1). However, a "second and

Appeals Court noted that, with regard to statutes that call for increased punishment with a subsequent conviction, the defendant must "[have] previously been convicted of at least one similar . . . offense" (emphasis added). Commonwealth v. Berardi, 88 Mass. App. Ct. 466, 470 (2015), quoting Commonwealth v. Miranda, 441 Mass. 783, 788 (2004). This view of § 178H (a) (2) accords with our interpretation of § 178C.

Thus, we conclude that the phrase "second and subsequent adjudication or conviction" requires that a defendant be convicted of open and gross lewdness once before a second conviction triggers § 178C.

Conclusion. The decision of the District Court judge denying the motion to correct an illegal sentence is reversed, and the matter is remanded for entry of an order consistent with this opinion.

So ordered.

---

subsequent conviction" results in a minimum sentence of five years in a State prison. G. L. c. 6, § 178H (a) (2).