HOWELL vs. SHERIFF OF ESSEX COUNTY, 101 Mass. App. Ct. 542

 
 JEFFREY HOWELL vs. SHERIFF OF ESSEX COUNTY.

101 Mass. App. Ct. 542
 March 9, 2022 - August 19, 2022

Court Below: Superior Court, Essex County
Present: Rubin, Singh, & Hershfang, JJ.

 

No. 21-P-397.

Public Employment, Assault pay benefits, Sick leave benefits. Sheriff. Correction Officer. Workers' Compensation Act, Compensation, Public employee. Statute, Construction.

In a civil action brought by a correction officer who injured his shoulder while carrying equipment to address an ongoing prisoner hostage situation, seeking so-called "assault pay" under G. L. c. 126, § 58A, equal to the difference between what the correction officer received in workers' compensation benefits and his full salary, the judge properly granted summary judgment in favor of the correction officer, where he was not required to be in the presence of the violent inmate when his injury occurred, and the inmate need not have directed his actions at him, for the injury to have "resulted from" the inmate's act of violence while the correction officer was in the performance of his duty [543-545]; further, the judge properly concluded that the correction officer's payments should not be offset by the value of sick leave he redeemed, where the express language of the statute explicitly forbids assault pay from being charged against available sick leave credits [545-547]. 

Civil action commenced in the Superior Court Department on September 27, 2018. 

 The case was heard by James F. Lang, J., on motions for summary judgment.

 Stephen C. Pfaff for the defendant.

 Jamie Goodwin for the plaintiff.

 HERSHFANG, J. The plaintiff, former Essex County sheriff's department employee Jeffrey Howell, was injured while carrying equipment for an ongoing prisoner hostage situation. The question before us is whether his injury qualifies him for payments under the so-called "assault pay" or "violence pay" provision of the General Laws. That provision entitles certain correctional employees who, "while in the performance of duty, receive[] bodily injuries resulting from acts of violence of patients or prisoners in [their] custody" to payments equal to their full salaries. G. L. c. 126, § 18A. A Superior Court judge granted the plaintiff's 

 Page 543 

motion for summary judgment and awarded him $173,723.89 in damages. Because we agree that the plaintiff's injury "resulted from" an inmate's act of violence "while in the performance of duty," and that the plaintiff's assault pay should not be offset by the value of sick leave he redeemed, we affirm. 

 Background. The material facts are undisputed. On January 2, 2018, the plaintiff was working in the 120 building of the Essex County correctional facility when, in a different building, one inmate took another hostage by holding a razor blade to his neck. Another officer, elsewhere in the 120 building, called the plaintiff to help carry a metal footlocker downstairs so its contents could be used to address the hostage situation; in doing so, the plaintiff injured his shoulder. The plaintiff returned to the control room in the 120 building while the other officer continued on, presumably bringing the footlocker to the scene. As a result of his shoulder injury, the plaintiff was unable to work. 

 The plaintiff began receiving biweekly workers' compensation benefits pursuant to G. L. c. 152, § 34, but did not receive assault pay pursuant to G. L. c. 126, § 18A, or G. L. c. 30, § 58, a similar statute. [Note 1] Beginning in July 2018, the plaintiff depleted his accrued sick leave to supplement his workers' compensation benefits. Between July 2018 and his termination in March 2019, the plaintiff redeemed sick pay in addition to his workers' compensation payments; the biweekly total was less than his full salary. The plaintiff redeemed a total of $14,899.79 in sick leave; for the same period, his assault pay would have been $49,780.84. 

 Discussion. "Through G. L. c. 126, § 18A, and G. L. c. 30, § 58, the Legislature has afforded correction officers additional compensation to close the gap between workers' compensation benefits and an employee's salary if the employee sustains bodily injury as a result of inmate violence during the course of his or her duties." Modica v. Sheriff of Suffolk County, 477 Mass. 102, 102 (2017). The pertinent portion of § 18A provides: 

"An employee in a jail or house of correction of a county who, while in the performance of duty, receives bodily injuries resulting from acts of violence of patients or prisoners in his custody, and who as a result of such injury is entitled to benefits under [G. L. c. 152 (the workers' 

 Page 544 

compensation statute)], shall be paid, in addition to the benefits of [G. L. c. 152], the difference between the weekly cash benefits to which he is entitled under [G. L. c. 152] and his regular salary, without such absence being charged against available sick leave credits."

The relevant portion of § 58 uses parallel language. [Note 2] 

 a. Assault pay. "We review the grant of summary judgment de novo, and in doing so examine 'whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law.'" Masonic Temple Ass'n of Quincy, Inc. v. Patel, 489 Mass. 549, 553 (2022), quoting Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991). See Mass. R. Civ. P. 56 (c), as amended, 436 Mass. 1404 (2002). To be entitled to assault pay, "a correction officer must show (1) bodily injury (2) resulting from an act of violence (3) committed by a prisoner who was (4) in the plaintiff's custody and (5) resulting in the plaintiff being entitled to worker's compensation." Modica, 477 Mass. at 104. The defendant asserts that the judge erred in granting the plaintiff summary judgment because the plaintiff's injury did not result from an act of violence by a prisoner. 

 The plaintiff injured his shoulder while carrying equipment needed to address the hostage situation. Because of the inmate's violent act of taking a hostage, the plaintiff carried the footlocker down the stairs. Because he carried the footlocker down the stairs, he suffered a shoulder injury. Thus, the plaintiff sustained an injury resulting from an act of inmate violence. Our case law makes clear that the plaintiff need not have been in the presence of the violent inmate when he injured his shoulder, and that the inmate need not have directed his violent act at the plaintiff, for the injury to have "resulted from" the inmate's act of violence. See Conroy v. Boston, 392 Mass. 216, 218-219 (1994) (assault pay awarded to correction officer who injured his knee while chasing inmate attempting to escape; Legislature "did not limit the application of [the statute] to cases involving acts of violence 

 Page 545 

directed against an employee or accompanied by physical contact between a . . . prisoner and an employee"). See also Presby v. Commissioners of Bristol County, 69 Mass. App. Ct. 902, 905 (2007) (assault pay awarded to correction officer who sustained injury while running toward fighting inmates). Emphasizing that the plaintiff was not on his way to the hostage-taking when he sustained his injury, the defendant contends that the injury was too remote to have "resulted from" the prisoner's violent act. But the officer was responding urgently, in real time, to the immediate need caused by a prisoner holding another hostage with a razor at his throat, linkage well within the ambit of the statute, the limits of which are not implicated by these facts.

 The workers' compensation act is "a remedial statute and should be given a broad interpretation, viewed in light of its purpose and to 'promote the accomplishment of its beneficent design.'" Neff v. Commissioner of the Dep't of Indus. Accs., 421 Mass. 70, 73 (1995), quoting Young v. Duncan, 218 Mass. 346, 349 (1914). And while G. L. c. 30, § 58, and G. L. c. 126, § 18A, are not part of the workers' compensation act, both supplement that act's remedial provisions by providing even greater benefits to certain injured workers; "assault pay and workers' compensation are related benefits." Marchand v. Department of Correction, 475 Mass. 1006, 1008 (2016). Therefore, we interpret the language of §§ 18A and 58 broadly to effectuate their remedial purposes. See O'Connell's Case, 78 Mass. App. Ct. 761, 765-766 (2011) (interpreting workers' compensation act consistently with unemployment insurance act where they "provide parallel worker protection schemes"). See generally Boswell v. Zephyr Lines, Inc., 414 Mass. 241, 247 (1993) (courts should look to related statutes for interpretive guidance "so as to give rise to a consistent body of law"); Polaroid Corp. v. Commissioner of Revenue, 393 Mass. 490, 497 (1984) ("words of a statute must be construed in association with other statutory language and the general statutory plan").

 Guided by both the remedial nature of the statutes and by precedent, we conclude that there is no genuine issue of material fact that the plaintiff's injury "resulted from" an inmate's act of violence, entitling the plaintiff to assault pay. 

 b. Sick pay. Our holding requires us to determine whether the plaintiff's assault pay must be reduced by the accrued sick pay he used. The defendant asserts that the sick pay must offset the assault pay because, if it does not, then the sheriff's department 

 Page 546 

will have compensated the plaintiff at a rate higher than his salary. The defendant's position is inconsistent with the language of the statutes; §§ 18A and 58 state that an employee entitled to assault pay will receive full pay "without such absence being charged against available sick leave credits" (emphasis added). We review questions of statutory interpretation de novo, see Hovagimian v. Concert Blue Hill, LLC, 488 Mass. 237, 240 (2021), and conclude that the plaintiff's assault pay should not be offset by his redeemed sick pay. 

 "When construing a statute, we look at the language as a whole, and 'strive to give effect to each word'" (quotation omitted). Berg v. Ciampa, 100 Mass. App. Ct. 569, 571 (2021), quoting Commonwealth v. Vigiani, 488 Mass. 34, 36 (2021). "A fundamental tenet of statutory interpretation is that statutory language should be given effect consistent with its plain meaning and in light of the aim of the Legislature unless to do so would achieve an illogical result." Rahim v. District Attorney for the Suffolk Dist., 486 Mass. 544, 547 (2020), quoting Sullivan v. Brookline, 435 Mass. 353, 360 (2001). "Because legislative intent controls our interpretation of statutes, '[w]e derive the words' usual and accepted meaning from sources presumably known to the statute's enactors, such as their use in other legal contexts and dictionary definitions.'" Vigiani, supra, quoting Commonwealth v. Montarvo, 486 Mass. 535, 536 (2020). "[O]ur respect for the Legislature's considered judgment dictates that we interpret the statute to be sensible, rejecting unreasonable interpretations unless the clear meaning of the language requires such an interpretation." Meshna v. Scrivanos, 471 Mass. 169, 173 (2015), quoting Bednark v. Catania Hospitality Group, Inc., 78 Mass. App. Ct. 806, 811 (2011).

 The purpose and objective of §§ 18A and 58 is to "ensure that employees injured by the violence of prisoners or patients do not suffer any loss as a result of such injury." DaLuz v. Department of Correction, 434 Mass. 40, 49 (2001) (holding that § 58 assault pay was not to be reduced by partial disability earning capacity even though employee may earn more than regular salary). The Legislature intended assault pay "to be a substitute for the use of accrued sick leave." Marchand, 475 Mass. at 1008. "The statute essentially provides an added benefit to an employee assaulted in the course of his or her employment, and recognizes that, in such circumstances, the employee should not have to use sick leave to maintain full pay." Id. Section 18A does not contemplate reducing 

 Page 548 

assault pay benefits by the amount of the injured employee's sick pay and explicitly forbids assault pay's being "charged against available sick leave credits." We agree with the judge that the plaintiff's assault pay should not be offset by the accrued sick pay he used. This decision honors the remedial nature of the statutes; allowing employers to offset assault pay with an employee's accrued sick leave credits would remove their incentive to comply promptly with the statutes. See Sullivan v. Sleepy's LLC, 482 Mass. 227, 235-236 (2019) (draws and commissions could not be retroactively allocated as hourly and overtime wages because "[i]f employers could undertake such retroactive reallocation of payments, they would similarly lack an incentive to comply with the wage and overtime statutes in the first place"). [Note 3] 

 The Superior Court judge correctly determined that the plaintiff is entitled to assault pay, with no offset for the accrued sick pay he used. 

 Judgment affirmed. 

FOOTNOTES
[Note 1] "The former applies to county employees, the latter to State employees; they are otherwise indistinguishable." Modica v. Sheriff of Suffolk County, 477 Mass. 102, 103 n.3 (2017). 

[Note 2] "[A]n employee who, while in the performance of duty, receives bodily injuries resulting from acts of violence of patients or prisoners in the employee's custody . . . and who as a result of such injury would be entitled to benefits under [G. L. c. 152], shall be paid the difference between the weekly cash benefits to which he would be entitled under [G. L. c. 152] and his regular salary, without such absence being charged against available sick leave credits." G. L. c. 30, § 58. 

[Note 3] The defendant also maintains that the plaintiff waived his right to assault pay by not requesting it while he was still employed, but cites no statutory authority (nor any case law) to support the proposition that such a claim must be made while employed. Finding none ourselves, we decline to create such a requirement. 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.