NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-384

EDWARD G. WRIGHT

vs.

DEPARTMENT OF CORRECTION & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

An inmate at a Massachusetts correctional facility appeals from the judgment dismissing his contempt complaint against the Department of Correction (department).  We affirm.

Background.  In 2018, the plaintiff, Edward G. Wright, filed an action seeking to challenge the department's adoption of a new standard operating procedure (SOP) that changed the department's policies for the handling of inmate mail.  Under the regulations in existence at the time the SOP was issued, "[i]f there is reason to believe contraband is being introduced through the mail based on the paper color, texture, etc., a photocopy of the original correspondence rather than the original correspondence may be forwarded to the inmate."  103

---

[1] Superintendent of the Souza-Baranowski Correctional Center.

Code Mass. Reg. § 481.12 (2) (2017).  In other words, the regulation allowed the department to provide inmates with copies of their mail in lieu of the originals only where the originals raised suspicions.  The SOP altered this by requiring the department to provide inmates copies of correspondence in lieu of the originals in all instances.

On cross motions for summary judgment, a Superior Court judge agreed with Wright's position that the SOP was not valid unless it was promulgated as a regulation pursuant to G. L. c. 30A.  Accordingly, a declaratory judgment entered as follows:

> "The Court hereby DECLARES that the implementation of the Standard Operating Procedure related to 103 Code Mass. Regs., § 481 requiring the photocopying of all non-privileged inmate mail prior to distribution to the inmate at facilities as directed by the Commissioner violates 103 Code Mass. Regs., § 481.

> "The Court further DECLARES that the Department of Correction was required to meet the requirements of G. L. c. 30A, the Administrative Procedures Act, when it adopted the Standard Operating Procedure related to 103 Code Mass. Regs., § 481 requiring the photocopying of all non-privileged inmate mail prior to distribution to the inmate at facilities directed by the Commissioner."

The judge stated that she was staying the judgment for 180 days in order to give the department time to go through the process of reissuing the SOP as a new regulation.[2]

---

[2] Specifically, the judge's "memorandum of decision and order" -- docketed on September 22, 2020 -- allowed Wright's motion for summary judgment, approved entry of a declaratory judgment, and further stated that "[t]he [j]udgment thereafter shall be stayed for 180 days to permit the DOC to take such action as it may

2

Before turning to what happened next, some observations about the intended stay and judgment are warranted. First, the relief that the judgment provided was declaratory only; the judgment did not include any express injunctive relief. Second, unlike in Carey v. Commissioner of Correction, 479 Mass. 367, 374-375 (2018), the case cited by the judge in support of her decision to issue a stay, the entry of judgment was not stayed; the declaratory judgment in fact entered the following day. In light of this, the precise import of the judge's order that "[j]udgment thereafter shall be stayed" is not entirely clear. It appears that the judge intended to preclude Wright from enforcing the judgment while the stay was in effect. This is consistent with the Supreme Judicial Court's characterizing what the judge did as "stay[ing] execution of her judgment." Wright v. Department of Correction, 487 Mass. 1025, 1025-1026 (2021) (denying petition seeking relief pursuant to G. L. c. 211, § 3).

In any event, the department purported to amend its regulations on April 2, 2021. Meanwhile, the stay was extended until that date. Asserting that the regulatory amendment was ineffective because the department had failed to comply with

---

deem appropriate, including amending 103 Code Mass. Regs, § 481 in conformance with the APA. See [Carey v. Commissioner of Correction, 479 Mass. 367, 373-374 (2018)] (staying entry of judgment to permit DOC action)." The declaratory judgment then entered the following day.

3

required statutory procedures, Wright sought approval to pursue a contempt action against the department.  Accepting the department's representations that it had complied with applicable procedures, the judge dismissed Wright's contempt complaint.  The judge also denied a separate motion that Wright had filed seeking the return of original mail that had accumulated in the interim.

After Wright appealed, a panel of this court concluded that the department in fact had not complied with required statutory procedures, because it had published notice of the required hearing only nine days prior to the hearing.  See G. L. c. 30A, § 2 (requiring publication twenty-one days in advance).  By way of relief, the panel reversed the dismissal of Wright's contempt complaint,[3] and it remanded the case for the judge to craft an appropriate order in light of current circumstances.  With respect to the denial of Wright's separate motion seeking to obtain the original mail that the department continued to hold pursuant to the SOP, the panel expounded on the form of relief that the department "should" provide inmates.

---

[3] The panel spoke in terms of the department's being in "violation of the injunction put in place by the motion judge," despite the fact that, at least on its face, the final judgment appears to have included only declaratory relief.  We need not address that issue further.

4

The remand proceedings were quite complicated, and we need not recite their details. Three overall points warrant mention. First, on November 25, 2022, the department again purported to amend its regulations to adopt the substance of the SOP. Second, in the interim, the stay was extended until that date. Third, the judge compelled the department to adopt procedures to provide Wright access to the original mail that was being withheld from him pursuant to the SOP and to decide what he wanted to retain.[4]

Arguing that the department still failed to comply with the procedures required by G. L. c. 30A, § 2, Wright sought to pursue another contempt action. Rejecting Wright's arguments, the judge issued an order that dismissed Wright's original contempt complaint and denied his motion to amend it.[5] Judgment

---

[4] The department could not simply turn all retained original mail over to Wright, because that mail first had to be screened to see if it should be withheld pursuant to the 2017 regulation. In addition, pursuant to separate regulations, inmates are limited as to the amount of mail they can have in their cells. The department thus created a procedure through which Wright could review any originals held pursuant only to the SOP and decide whether he wanted to retain that mail and, if not, whether he wanted to have it sent to a designated recipient outside of the facility in lieu of its being destroyed. According to the department, Wright has not been fully cooperative in that process. Any dispute about this is not properly before us.

[5] The judge later amended the order to correct a date.

entered on February 22, 2023, and Wright's appeal from that judgment is now before us.

Discussion. Wright's lead argument is that pursuant to G. L. c. 30A, § 2, the department had an obligation to publish notice of its regulatory hearing in at least two newspapers and, as is undisputed, it published notice only in one. Wright bases his argument on the ground that the statute speaks in terms of requiring publication in "such newspapers . . . as the agency may select." G. L. c. 30A, § 2. By referring to "such newspapers" in the plural, Wright maintains, the Legislature must have intended to require publication in at least two. Although this argument is not without some force, we are unpersuaded by it. Use of the plural of "newspaper" in conjunction with "such" and "as the agency may select" is natural regardless of whether the number of newspapers ultimately selected by the agency is one or more. Had the statute instead referred to "such newspaper," this would connote that agencies should limit publication to only one newspaper, as opposed to leaving that choice up to the agency. In addition, we note that the Legislature expressly has cautioned against reading too much into its use of singular and plural nouns. See G. L. c. 4, § 6 (directing that "[i]n construing statutes the following rules shall be observed, unless their observance would involve a construction inconsistent with the manifest intent of

6

the law-making body or repugnant to the context of the same statute: . . . Words importing the singular number may extend and be applied to several persons or things, words importing the plural number may include the singular, and words of one gender may be construed to include the other gender and the neuter"). Finally, the department's interpretation of G. L. c. 30A, § 2, is supported by that given to the statute by the Secretary of the Commonwealth, the official charged with administering it. Secretary of the Commonwealth, The Regulations Manual, at 3 (May 2016) (advising agencies that "notice must be . . . advertised in a daily newspaper of general distribution," although they "can choose to advertise the notice in several newspapers throughout the state"). See Commonwealth v. Wimer, 480 Mass. 1, 5 (2018) ("We defer to an agency's statutory interpretation where the statute is ambiguous and the interpretation is reasonable").

Wright separately claims that the department failed to comply with c. 30A with respect to how it notified "interested persons" of the regulatory hearing. He points to the fact that the notice that the department sent to the list of people who had requested such notice stated that the hearing would be "virtual" and it provided details of how to access that hearing

7

by Zoom, while the notice sent to inmates themselves did not.[6] Without claiming that he or other inmates had any right to participate in the Zoom hearing, Wright argues that the failure to include Zoom access information in the notice sent to inmates deprived them of being able to readily pass that information along to others (such as friends and family). Wright argues that the department did this deliberately to limit potentially interested persons from participating at the Zoom hearing.

Without ascribing any bad faith on the part of department officials, we note that it might have been better practice to include Zoom access information in the notice sent to inmates (even though they themselves would not be permitted to participate in that hearing). The narrow question we face, however, is whether the department failed to comply with a procedure mandated by statute that is a condition precedent to the effectiveness of the regulation. We are unpersuaded that anything in G. L. c. 30A, § 2, required the department to send notice of Zoom access information to inmates.

To maintain a civil contempt action, a litigant must put forward "clear and convincing evidence of disobedience of a clear and unequivocal command." Birchall, petitioner, 454 Mass.

_____

[6] The notice sent to inmates identified the time and date the hearing would be held without identifying that it would be virtual. It focused on how written testimony and comments could be provided.

8

837, 853 (2009).  Because Wright has not demonstrated that he could meet that standard, the judge did not abuse her discretion in dismissing his contempt complaint and denying his motion to amend that complaint.[7]

> Judgment docketed February 22, 2023, dismissing contempt complaint affirmed.
>
> By the Court (Milkey, Massing & Neyman, JJ.[8]),

*Assistant Clerk*

Entered:  March 4, 2024.

---

[7] In its brief, the department requests that we rule that it may now destroy any of Wright's original mail that remains in its possession.  Given that this is outside the scope of the current appeal, we decline to do so.

[8] The panelists are listed in order of seniority.

9